IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                            Case No.:21-00066-ESL

**LIZETTE ALEJANDRO PENA**            Chapter 7

     **Debtor.**
_____/

**TRUSTEE'S MOTION FOR DISGORGEMENT OF ATTORNEY'S FEES AND TO
RETAIN JURISDICTION**

TO THE HONORABLE COURT:

COMES NOW, Chapter 7 Trustee, Noreen Wiscovitch-Rentas, and respectfully requests for the Court to order Debtor's counsel to disgorge the fees she may had received in this Chapter 7, and in support, states:

1. On January 17, 2021, the Debtor filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code. The undersigned was appointed interim Trustee on January 18, 2021. *See* Dkt. Nos. 1 and 5.

2. The Meeting of Creditors was held on February 11, 2021. At the meeting of creditors, the United States Trustees Office's analysts were present. The Meeting was continued to March 3, 2021 at 9:00 am. At the initial Meeting, the Trustee determined that there was one realty to administer and that in order to administer the same, additional documents and time was needed to interview the Debtor regarding the information provided in the Schedules and a realty located at Bo. Lirios in Juncos. The day prior to the continued meeting on March 2, 2021, Debtor's Counsel requested the meeting to be continued and to be allowed time to file a motion to resign from the case.

1

3. Neither, the Debtor nor her counsel appeared at the continued meeting of creditors set for March 3, 2021. The meeting was not concluded and the Trustee has continued the same *SINE DIE* until a determination of this court on the Motion to Resign and this Motion.

4. Amongst the items requested from the Debtor and her counsel at the initial meeting were the keys to the realty located in Bo. Lirios in Juncos, Puerto Rico. At the initial Meeting of Creditors, counsel and the Debtor, both had indicated to the Trustee that the keys would be available the next day.

5. The day after the Meeting of Creditors held on February 11, 2021, the Trustee sent Mr. Mario Muniz, the realtor in this case, to pick up the keys and visit the premises. (See Dkt. Nos. 15 and 23). Later, the Trustee learned from the Estate's Realtor, that the keys were not provided by Debtor's counsel and that when he drove by the property, he found that the same was occupied by individuals who did not know the Debtor.

6. Upon learning of this situation, the Trustee then requested an explanation from Debtor's counsel regarding the status of the property and the turnover of the keys. Further, the Trustee also requested for the Debtor to remove the individual from the premises, whom alleged not knowing her. In fact, the Trustee came to assume that they were squatters and had illegally taken over the realty.

7. On February 19, 2021, the Debtor amended the schedules to disclose, amongst other things, that the Debtor received monthly rents of $450.00 and has received said amount monthly during the 6 months prior to Bankruptcy.

8. The Debtor failed to disclosed under oath at the 341 Meeting of Creditors that the property was subject to a "rental agreement" and the fact that she was receiving rents.

To the contrary, the Debtor testified under oath that the property was vacant. The rents are property of the Bankruptcy Estate, to date no rents have been received by the Trustee. Further, at the meeting of creditors and under oath, the Trustee asked the Debtor if she had reviewed the Schedules and if there was any missing information, to which she stated that there was none.

9. On March 3, 2021, Debtor's counsel Ms. Lyssette A. Morales Vidal, of L.A. Morales and Associates PSC, filed a Request for Leave to Withdraw as Attorney for Debtor. *See* Dkt. No. 19. Counsel cites "Irreconcilable differences" as the reason for the withdrawal.

10. This Motion is to request the disgorgement of Counsel Morales Vidal fees in the amount of $1,950.00, *IF* counsel received these fees after the filing of the Petition. *See* Form B2030 (Rule 2016(b) Statement) attached as "**Exhibit A**".

## BANKRUPTCY ATTORNEY'S DUTIES

11. Rule 1008 of the Federal Rules of Bankruptcy Procedure require for all petitions, lists, schedules, statements, and amendments thereto be verified or contain an unsworn declaration provided in 28 U.S.C. §1746.

12. "The veracity of the bankrupt's statements is essential to the successful administration of the Bankruptcy Act." *In re* Chalik, 748 F.2d 616, 618 (11th Cir. 1984), citing Diorio, 407 F.2d at 1331. "This circuit has also said that a discharge pursuant to 11 U.S.C. Sec. 727(a)(4)(A) should not be granted where the debtor knowingly and fraudulently made a false oath or account in connection with the bankruptcy proceeding. In re Raiford, 695 F.2d 521, 522 (11th Cir.1983). Deliberate omissions by the debtor may also result in the denial of a discharge. Id." *Id*. " [T]he petition, including the schedules

and statements, must be accurate and reliable without the necessity of digging out and conducting independent examinations to get the facts." *Mertz v. Rott*, 955 F.2d 596, 598 (8th Cir. 1992). See Also, Van Robinson v. Worley, 849 F.3d 577(4th Cir.2017) "Pursuant to this rather capacious standard, the bankruptcy court did not err in finding that Worley's misstatement was material. Worley's undervaluation of his only significant, non-exempt asset by many thousands of dollars is undeniably "relevant" to his estate and assets. Indeed, by lowballing his interest in Gemini, Worley sent a message to the trustee and creditors that there was no reason to conduct any further investigation into the property. As we noted earlier, this sort of concealment undermines the efficient administration of the bankruptcy estate. Neither the trustee nor the creditors should have to absorb themselves in a painstaking struggle of "digging out and conducting independent examinations to get the facts." Mertz v. Rott , 955 F.2d 596, 598 (8th Cir. 1992)" Van Robinson at 587.

13. As officers of the court, debtor's attorney owe a duty to the integrity of the bankruptcy system to "…(1) explain the requirement of full, complete, accurate, and honest disclosure of all information required of a debtor; (2) ask probing and pertinent questions designed to elicit full, complete, accurate, and honest disclosure of all information required of a debtor; (3) check the debtor's responses in the petition and [s]chedules to assure they are internally and externally consistent; and (4) demand of the debtor full, complete, accurate, and honest disclosure of all information required before the bankruptcy attorney signs and files the petition; and (5) seek relief from the court in the event that attorney learns that he or she may have been misled by a debtor."

4

*In re* Armwood, 175 B.R. 779, 789 (Bankr. N.D.Ga 1994) citing *In Re* Mattews, 154 B. 673 (Bankr. W.D. Tex 1993) other citations omitted.

14. "Congress emphasized its concern with full and complete disclosures by debtors and their counsel when it enacted the 2005 BAPCPA amendments. Those amendments added provisions which impose new duties on debtor's attorneys in connection with the filing of the bankruptcy petition and schedules." *In re* Varan, 2014 WL 2881162 at *8 (Bankr.N.D. Ill, June 24, 2014).

15. Bankruptcy Code Section 707(b)(4)(C) provides that an attorney's signature on a petition, pleading, or written motion constitute a certification that the attorney has determined that the petition, pleading, or written motion is well grounded in fact.

16. "Their general drift is clear [of Section 707(b)(4)]: [D]ebtors' counsel are to exercise significant case as to the completeness and accuracy of *all* recitations on their clients schedules, after they have made a factual investigation and legal evaluation that conforms to the standards applicable to any attorney filing a pleading, motion, or other document in a federal court." In re Winthrow, 405 B.R. 505, 512 (B.A.P. 1st Cir. 2009) citing *In re* Robertson, 370 B.R. 804, 809 (Bank. D. Minn 2007).

17. "But as a minimum, it is clear that an attorney may not just simply rely on information provided by a client without independently verifying publicly available facts. *Beinhauer*, 570 B.R. at 137; *In re Seare*, 493 B.R. 158, 211 (Bankr. D. Nev. 2013). An attorney must investigate any inconsistencies by asking more questions or seeking additional documents. *Id*. "[T]he attorney is the expert and cannot rely upon a client's limited understanding of what constitutes the 'complete' or 'necessary' information

5

that the attorney must have[.]" *Seare*, 493 B.R. at 211."' *In re* Tatro, No. 19-70537, 2020 WL 534715 (Bankr. C.D. IL, Jan. 31, 2020).

18. "To ensure complete and accurate disclosure, it is critical that bankruptcy debtors review the petition, schedules and statement of financial affairs prior to signing such documents under penalty of perjury. As observed by the Bankruptcy Appellate Panel of the Ninth Circuit:

Schedules and statements of financial affairs are sworn statements, signed by debtors under penalty of perjury. Adopting a cavalier attitude toward the accuracy of the schedules and expecting the court and creditors to ferret out the truth is not acceptable conduct by debtors or their counsel. *AT & T Universal Card Servs. Corp. v. Duplante ( In re Duplante )*, 215 B.R. 444, 447 n. 8 (9th Cir. BAP 1997). A debtor's compliance with the requirements of the Bankruptcy Code is therefore essential in order to receive the protections afforded in bankruptcy." *In re* Jakovljevic-Ostojic, 517 B.R. 119 (Bankr. N.D. Ill. 2014)

## ATTORNEY'S CONDUCT AND FEES

19. Debtor's counsel filed a statement required under Section 329 of the Bankruptcy Code which is attached as **Exhibit "A".** The Debtor also disclosed in the Statement of Financial Affairs the amount paid to her counsel. See Dkt. No. 1 and page no. 44 of 71 of Dkt. No. 1 attached as **Exhibit "B"**.

20. "Section 329 requires the attorney to show that the agreed compensation for legal services is reasonable." *In re* Mahendra, 131 F.3d 750, 757 (8th Cir. 1997) citations omitted. When reviewing an attorney's fees pursuant to section 329, the burden of

proof on all issues is on the attorney who has to establish that the fees are reasonable. *See In re* Henkel, 408 B.R. 699, 701 (Bankr. N.D. Ohio 2009)(Citations Omitted) .

21. This Court is tasked in determining whether there is reasonable value of services provided by Debtor's attorney. *See In re* Henkel, 408 B.R. 699. "In reviewing an attorney's fee to determine whether it is reasonable under the circumstances the court must consider the nature of the services and the competence of the performance. [citations omitted] and it also must be guided by ethical considerations" In *re* Grant, 14 B.R. 567, 569 (Bankr. S.D.N.Y. 1981)

22. The Court may disallow or reduce the fee charged by an attorney who does not adequately inquire as to the accuracy of information reported in the debtor's papers. *In re* Dean, 401 B.R. 917 (Bankr. D. Idaho 2008).

23. An attorney's requested compensation "may be reduced if the court finds that the work done was excessive or of poor quality." 3 Collier on Bankruptcy ¶ 329.04, citing Hale v. U.S. Trustee, 509 F.3d 1139 (9th Cir. 2007) (bankruptcy petition incomplete and erroneous requiring extensive amendments); *In re* Lee, 495 B.R. 107, 113–14 (Bankr. D. Mass. 2013) (explaining how the court may order disgorgement of all fees "[w]hen an attorney ineptly or incompetently renders services on behalf of debtors the court may order to disgorgement of all fees pursuant to §329" or may reduce fees if the work done was of poor quality); *In re* Sponhouse, 477 B.R. 147, 154– 55 (Bankr. D. Nev. 2012) (quoting treatise and finding that compensation was excessive when "services were deficient and of poor quality" and counsel's representation of debtor "reflects both a lack of competence and diligence"). *See also In re Grant, supra*.

24. This Court has stated that prepetition counseling "is a critical and an integral part of bankruptcy assistance" and that "[a]ttorneys must explain the benefits, burdens, and consequences of bankruptcy to their clients to the extent reasonably necessary to permit informed decisions about the case." *In re* Pereira Santiago, 457 B.R. 172, 176 (Bankr. D.P.R. 2011) (Citations Omitted) .

## DISGORGEMENT

25. The Statement of Financial Affairs shows that the Debtor paid her counsel the amount of $1,950.00 on January 15, 2021. However, in Debtor's Counsel's disclosure as required by Rule 2016(b), it shows that prior to filing the Petition, she had not received any compensation, but that she had agreed to receive $1,950.00, "Post Petition". A fact, that would had made these fees dischargeable (in Chapter 7), if in fact Counsel did not receive the funds pre-petition. **See Exhibits A and B**.

26. The Trustee does not know which of the two statements is correct as the same are contradictory. As stated in the above caselaw, accuracy of the Schedules and documents submitted to the Court is indispensable for the proper administration of the Estate.

27. Less than two months after filing the Petition, Counsel for the Debtor is requesting to resign from the case. Leaving the Debtor without legal representation in these proceedings and the Bankruptcy Estate is left with extensive (and perhaps expensive) litigation to pursue an (1) objection to Debtor's discharge and (2) to evict unknown individuals in property of the Bankruptcy Estate in order to sell the same.

28. Having counsel leave the Debtor to fend for herself, does not justify the payment of $1,950.00 in fees. These fees, if they were received by Debtor's counsel, should be disgorged.

WHEREFORE, the Trustee, respectfully requests for the Court to order the disgorgement of Debtor's Attorney's fees, if any, received Pre or Post Petition in the amount of $1,950.00 and retain jurisdiction over Counsel for Debtor until this motion is determined and for any further relief this Court deems just and proper under the circumstance.

## NOTICE

Within Fourteen (14) days after service as evidenced by the certification, and an additional 3 days pursuant to F.R.B.P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise. If you file a timely response, the court may, in its discretion, schedule a hearing.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent to Debtor's counsel, Lyssette A. Morales at lamoraleslawoffice@gmail.com and to Debtor, Lizette Alejandro Pena, at her mailing address of Paseos de la Ceiba, 182 Calle Arce D2, Juncos, PR 00777 on this 15th of March, 2021.

*/s/ Noreen Wiscovitch-Rentas*
NOREEN WISCOVITCH-RENTAS
CHAPTER 7 TRUSTEE
PMB 136
400 Kalaf Street
San Juan, Puerto Rico 00918
Tel. (787) 946-0132
E-mail: noreen@nwr-law.com

9

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## District of Puerto Rico

In re  **Lizette Alejandro Pena**  
Debtor(s)

Case No. _____  
Chapter **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   ☒ **FLAT FEE**

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ 1,950.00 |
   | Prior to the filing of this statement I have received | $ 0.00 |
   | Balance Due | $ 1,950.00 |

   ☐ **RETAINER**

   For legal services, I have agreed to accept and received a retainer of _____ $ _____

   The undersigned shall bill against the retainer at an hourly rate of _____ $ _____  
   [Or attach firm hourly rate schedule.] Debtor(s) have agreed to pay all Court approved fees and expenses exceeding the amount of the retainer.

2. $ **50.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ☒ Debtor     ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ☒ Debtor     ☐ Other (specify):

5. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
   *Time will be charged off @ $275 per hour. No contested matters are foreseen at this time, but if §341 meetings are unreasonably continued by Trustees, or informal or formal discovery &/or contested matters outside the scope of a basic chapter 7 case additional fees will be charged.*

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   *Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.*

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

Exhibit "A"

Debtor 1   Lizette Alejandro Pena                                          Case number (if known) _____

### Part 5: List Certain Gifts and Contributions

13. Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?
    ■ No
    ☐ Yes. Fill in the details for each gift.

    | Gifts with a total value of more than $600 per person<br><br>Person to Whom You Gave the Gift and Address: | Describe the gifts | Dates you gave the gifts | Value |
    |---|---|---|---|

14. Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?
    ■ No
    ☐ Yes. Fill in the details for each gift or contribution.

    | Gifts or contributions to charities that total more than $600<br>Charity's Name<br>Address (Number, Street, City, State and ZIP Code) | Describe what you contributed | Dates you contributed | Value |
    |---|---|---|---|

### Part 6: List Certain Losses

15. Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?
    ■ No
    ☐ Yes. Fill in the details.

    | Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br>Include the amount that insurance has paid. List pending insurance claims on line 33 of Schedule A/B: Property. | Date of your loss | Value of property lost |
    |---|---|---|---|

### Part 7: List Certain Payments or Transfers

16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?
    Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

    ☐ No
    ■ Yes. Fill in the details.

    | Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
    |---|---|---|---|
    | L A Morales & Associates P.S.C.<br>Urb Villa Blanca<br>76 Aquamarina<br>Caguas, PR 00725-1908<br>lamoraleslawoffice@gmail.com | Attorney Fees<br>Expenses | 1/15/2021 | $1,950.00 |

    ✶

17. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?
    Do not include any payment or transfer that you listed on line 16.

    ■ No
    ☐ Yes. Fill in the details.

    | Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
    |---|---|---|---|

Official Form 107     Statement of Financial Affairs for Individuals Filing for Bankruptcy     page 4
Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

Exhibit "B"