### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO.: 21-00066 (ESL) |
| **LIZZETTE ALEJANDRO PEÑA** | |
| **DEBTOR** | CHAPTER 7 |

### MOTION SUBMITTING AMENDED DECLARATION OF
### ATTORNEY LYSSETTE A. MORALES VIDAL

**TO THE HONORABLE COURT:**

**COMES NOW**, Lyssette Morales Vidal, through the undersigned attorneys and very respectfully state and pray:

1. On June 8, 2021 this Honorable Court entered the Order scheduling the evidentiary hearing to consider the Trustee's request for disgorgement of attorney's fees. The Court ordered the parties to, among other things, file any declarations they intended to use during the evidentiary hearing twenty-one (21) days prior to the hearing. (Docket 59)

2. In compliance with the Order of the Court Ms. Morales submitted on August 11, 2021. her declaration. (Docket 89)

3. Ms. Morales herein wishes to submit an amended declaration and requests that the same substitute the prior declaration filed at Docket 89.

4. Ms. Morales respectfully requests that this Honorable Court take notice of her compliance with the Order entered at Docket 59 and that the Honorable Court accept for the purposes of the evidentiary hearing scheduled for September 1, 2021 the Amended Declaration herein submitted.

**WHEREFORE**, it is very respectfully requested that the Honorable Court take notice of the amended declaration herein submitted which will be used during the evidentiary hearing to consider the Trustee's motion for disgorgement of fees.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 13th day of August 2021.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel who have filed appearances in this case including the Chapter 7 Trustee.

**C. CONDE & ASSOC.**
254 San José Street, 5th Floor
Old San Juan, Puerto Rico 00901
Telephone: 787-729-2900
Facsimile: 787-729-2203
E-mail:condecarmen@condelaw.com

*/s/Carmen D. Conde Torres*
Carmen D. Conde Torres, Esq.
USDC 207312
*/s/Luisa S. Valle Castro*
Luisa S. Valle Castro, Esq.
USDC No. 215611

*/s/William J. Alemañy-Méndez*
By: William J. Alemañy-Méndez, Esq.
USDC No.: 305201

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| IN RE: | CASE NO.: 21-00066 (ESL) |
|---|---|
| LIZETTE ALEJANDRO PENA | |
| DEBTOR | CHAPTER 7 |

**UNSWORN DECLARATION UNDER PENALTY OF PERJURY IN SUPPORT OF THE OBJECTION TO TRUSTEE'S MOTION FOR DISGORGEMENT OF FEES**

I, Lyssette A. Morales Vidal, of legal age, single and resident of Caguas, Puerto Rico, hereby declare under penalty of perjury:

1. That I was retained by Ms. Lizette Alejandro Peña, to represent her in her Chapter 7, Bankruptcy Case.

2. That on January 8, 2020, I had the initial meeting with the Debtor, in order to discuss her need to seek bankruptcy relief, several documents provided by her and her general financial condition. When this meeting was concluded I requested that the Debtor provide additional documents in order to prepare the bankruptcy Petition, the Schedules and the Statement of Financial Affairs. This meeting lasted approximately over four (4) hours.

3. Subsequently I met with the Debtor at least two more times to discuss the additional documents provided, as well as drafts prepared of the bankruptcy Petition, the Schedules and the Statement of Financial Affairs.

4. It was agreed that the attorney's fees in the case would be $1,950.00. The Debtor did not have money to pay the entire filing fee and she needed to pay the agreed fee in installments.

5. On January 11, 2021, the Debtor paid me $500.00 through the ATH Movil application.

6. On January 15, 2021, the Debtor paid me an additional $500.00 through the ATH Movil

1

application and deposited electronically Check No. 131 in the amount of $1,000.00 to complete the $1,950.00 in attorney's fees, plus the amount of $50.00 for the first installment of the filing fee.

7. On January 17, 2021, I proceeded to file the bankruptcy Petition, with the Schedules, the Form 2030 which provided the Rule 2016 (b) Disclosure of Compensation, and the Statement of Financial Affairs. The documents filed were prepared with the information and documents provided by the Debtor in our meetings. They were filed after having discussed the same with the Debtor to verify their contents. (Docket 1)

8. Pursuant to the information provided by the Debtor the following real estate properties were listed in the Schedules:
    a. Paseo de la Ceiba, Calle Arce D3, Juncos, P.R. which was listed as her residence.
    b. Urb. Los Lirios A10, Barrio Los Lirios, Juncos, P.R. which was listed as unoccupied.

9. Prior to the bankruptcy filing, I had no knowledge that the property located at Urb. Los Lirios was leased.

10. On January 17, 2021, I filed an application for the payment of the filing fee in installments with the initial $50.00 installment included. (Dockets 2 and 4)

11. On January 19, 2021, the Honorable Court granted the application for payment of the filing fee in installments. (Docket 7)

12. On February 11, 2021, the Debtor paid the remainder of the filing fee in the amount of $298.00. (Docket 11)

13. On February 11, 2021, the first Meeting of Creditors was held through a telephonic conference and the Trustee questioned the Debtor regarding the information in the Schedules. The Trustee requested that the Debtor turnover the keys of the property located at Barrio Lirios. The

Meeting of Creditors was continued for March 3, 2021. (Docket 16)

14. On that same date I requested that the Debtor provide the keys to unoccupied property at Barrio Lirios, but did not receive the same in time to forward them to the Chapter 7 Trustee as previously agreed at the meeting of creditors.

15. After the meeting of creditors, I was informed that the property located at Barrio Lirios had been leased pre-petition by Debtor's prior consensual partner. The rent was of $450.00 per month.

16. Thereafter, the Debtor provided me with Check No. 132, dated February 18, 2021 in the amount of $900.00. I informed the Chapter 7 Trustee of the check received. **Exhibit 1**

17. On February 19, 2021, the Schedules were amended in order to correct the fact that the Barrio Lirios property was occupied and to include the income of $450.00 per month.

18. Multiple communications with the Trustee and the Debtor ensued regarding the Los Lirios property, the keys to the same and the request by the Trustee that the Debtor seek the eviction of the lessees of this property, among other matters.

19. On March 2, 2021, I advised the Debtor that due to irreconcilable differences in the management of the case and a possible conflict of interest, I was requesting authorization to the Bankruptcy Court to withdraw as her attorney.

20. On March 2, 2021, I informed the Chapter 7 Trustee by email of my intent to withdraw as legal representation and requested the stay or continuance of the meeting of creditors scheduled for March 3, 2021, since I was meeting with the Debtor on that same date to discuss the withdrawal of legal representation. **Exhibit 2**

21. On March 3, 2021, I met with the Debtor and discussed my withdrawal of legal representation, the pending matters in the case, the need to turnover the keys to the Chapter 7 Trustee of the

Los Lirios property and the need to retain new legal representation.

22. Also, on that date, I returned the check dated February 18, 2021 in the amount of $900.00 to the Debtor.

23. I do not hold in my possession any moneys belonging to the Debtor or the bankruptcy estate. The only funds that I have received from the Debtor are those related to the attorney's fees and the filing fee paid to the Court.

24. On March 3, 2021, I filed the Motion to Withdraw. (Docket 19)

25. On March 12, 2021, attorney Jesús Batista filed a Notice of Appearance as new counsel for the Debtor. (Docket 26)

26. I am aware that on March 15, 2021 the Trustee objected to my withdrawal as legal counsel for the Debtor and requested that I disgorge the attorney's fees paid by the Debtor claiming among other things that the same were paid post-petition based on the original Form 2016 statement filed with the bankruptcy petition. (Docket 28).

27. On March 29, 2021, I filed a Motion Requesting Leave to file an Amended Rule 2016 Statement and submitted an amended Form 2030 Statement that clarified that the Debtor had paid $1,950.00 prior to the filing of the bankruptcy petition. I included copies of my bank account statement for the month of January 2021 which evidenced the payments made on January 11, 2021 and January 15, 2021 by the Debtor for the attorney's fees and first installment of the filing fee. I also filed the amended Form 2030. (Dockets 32 and 33)

28. On April 20, 2021, I filed an opposition to the Chapter 7 Trustee's request for disgorgement of the attorney's fees, since the same is incorrect in fact and in law. (Docket 44)

29. I have read the opposition to the Trustee's Request for disgorgement of the attorney's fees filed and all of the facts therein stated are true and correct.

4

30. That the facts herein detailed are correct to the best of my knowledge.

31. That I make this declaration under penalty of perjury.

In San Juan, Puerto Rico, this 12th day of August 2021.

_____
Lyssette A. Morales Vidal

**Lizette Alejandro Pena**
Urb Lirios
219 Calle Begonia
Juncos, PR 00777
Tel 787-370-0406 Lic. 2027177

132
101-201/215

18/Feb/2021
Fecha/Date

Páguese a la orden de / Pay to the order of: Chapter 7 Trustee N. Wiscovitch   $ 900.00

Novecientos dolares con ——— 00/100   Dólares/Dollars

POPULAR
BANCO POPULAR DE PUERTO RICO
R.P.W., Juncos
Juncos, Puerto Rico

Para / For: Sindico 21-00064

⑈021502011⑈ 317⑈262671⑈ 0132

 

Lyssette Morales <lamoraleslawoffice@gmail.com>

## 21-00066 Lizette Alejandro §341 3/3/21 9 am
1 message

**Lyssette Morales** <lamoraleslawoffice@gmail.com>  Tue, Mar 2, 2021 at 5:32 PM
To: Sindico Noreen Wiscovitch <noreen@nwr-law.com>

Ms. Wiscovitch,

Please stay or continue the §341 Meeting rescheduled for tomorrow.

I have decided to withdraw from debtor's representation & need time to speak with her about your requests received a very short while ago. I need to discuss my withdrawal & be able to file my motion seeking withdrawal with the Court by tomorrow, hopefully.

I do however wish to anticipate that this client has recently gone through a break up with her boyfriend of 18 years & her nerves are frayed generally. I noticed this from the first meeting & the issue of the house is apparently still being administered by him directly with the renters.

My fear right now is she appears to me a candidate for a full blown breakdown or worse. I do not know how my withdrawal will add to this.

Thank you for understanding & allowing me at least a day to withdraw. I have attempted after your email to find someone to substitute me but have not had a call back & another declined.

GBY


Lyssette Morales
Abogada
L.A. Morales & Asociados PSC
Urb Villa Blanca
76 Aquamarina
Caguas, PR 00725-1908
O(787) 746-2434
F(1-855) 298-2515
Cell 787-640-1621
Secretaria irma.lamorales@gmail.com
Horario via telefono 10:30 a.m. a 4:00 p.m.

Agradecemos su patrocinio. Dios lo ha traído aquí