## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO.:  21-00066 (ESL)** |
| **LIZETTE ALEJANDRO PEÑA** | |
| **DEBTOR** | |
| | **CHAPTER 13** |

### PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

**TO THE HONORABLE COURT:**

**COMES NOW**, Lyssette A. Morales Vidal, through the undersigned attorneys very respectfully submits her Proposed Findings of Fact and Conclusions of Law in compliance with the Order dated June 8, 2021 (Docket 59):

### PROPOSED FINDINGS OF FACTS

*Findings Regarding the Fees Paid to Counsel*

1.  Attorney Lyssette Morales Vidal was retained by Ms. Lizzette Alejandro Peña (the Debtor) to represent her in her Chapter 7 bankruptcy case.- **Exhibit A** *Declaration under Penalty of Perjury of Lyssette A. Morales Vidal.*

2.  On January 8, 2020, Ms. Morales had the initial meeting with the Debtor, in order to discuss her need to seek bankruptcy relief.  Several documents were provided by her to analyze her general financial condition.  When this meeting was concluded Ms. Morales requested that the Debtor provide "additional documents" in order to prepare the bankruptcy Petition, the Schedules and the Statement of Financial Affairs. This meeting lasted approximately over four (4) hours. **Exhibit A** *Declaration under Penalty of Perjury of Lyssette A. Morales Vidal.*

3.  Subsequently Ms. Morales met with the Debtor at least two more times to discuss the

1

"additional documents" provided, as well as drafts prepared of the bankruptcy petition, the Schedules and the Statement of Financial Affairs. **Exhibit A** *Declaration under Penalty of Perjury of Lyssette A. Morales Vidal.*

4. The Debtor and Ms. Morales agreed that the attorney's fees would be $1,950.00. The Debtor did not have the money to pay the fee and she was provided the opportunity to pay the agreed fee in installments.- **Exhibit A** *Declaration under Penalty of Perjury of Lyssette A. Morales Vidal.*

5. On January 11, 2021, the Debtor paid Ms. Morales $500.00 through the ATH Movil application.- **Exhibit A** *Declaration under Penalty of Perjury of Lyssette A. Morales Vidal,* **Exhibit B** *Bank Statement.*

6. On January 15, 2021, the Debtor paid Ms. Morales $500.00 through the ATH Movil application and deposited electronically Check No. 131 in the amount of $1,000.00 to complete the $1,950.00 in attorney's fees and $50.00 for the filing fee. Prior to the filing of the petition, the Debtor had released control of the funds paid to Ms. Morales. **Exhibit A** *Declaration under Penalty of Perjury of Lyssette A. Morales Vidal.* **Exhibit B** *Bank Statement.*

7. On January 17, 2021, Ms. Morales proceeded to file the bankruptcy Petition, with the Schedules, the Form 2030 which provided the Rule 2016 (b) Disclosure of Compensation, and the Statement of Financial Affairs. (Docket 1) **Joint Exhibit I**

8. According to the Statement of Financial Affairs submitted by the Debtor on January 17, 2021, the amount of $1,950.00 were paid to Ms. Morales on account of her fees. See Statement of Financial Affairs at Docket 1, Page 44, Part 7. **Joint Exhibit I**

9. By an unintentional mistake, the Form 2030 filed on the petition date stated that there was

a balance due to Ms. Morales in the amount of $1,950.00 for professional fees. This involuntary mistake caused no harm to the bankruptcy estate. Please refer to Docket 1 at Page 69. **Joint Exhibit I**

10. On March 15, 2021 the Trustee objected to Ms. Morales' withdrawal as legal counsel for the Debtor and requested that she disgorge the attorney's fees paid by the Debtor claiming that the same were paid post-petition, based on the original Form 2030 filed with the bankruptcy petition. (Docket 28).

11. Ms. Morales has not received any post petition attorney's fees from the Debtor.- **Exhibit A** *Declaration under Penalty of Perjury of Lyssette A. Morales Vidal,*

12. On March 29, 2021, Ms. Morales filed a Motion Requesting Leave to file an Amended Rule 2016 Statement and submit an amended Form 2030 Statement that clarified that the Debtor had paid $1,950.00 prior to the filing of the bankruptcy petition. She included copies of the bank account statement for the month of January 2021 which evidenced the payments made on January 11, 2021 and January 15, 2021 by the Debtor for the attorney's fees and first installment of the filing fee. Ms. Morales also filed the amended Form 2030. (Dockets 32 and 33)- **Exhibit A** *Declaration under Penalty of Perjury of Lyssette A. Morales Vidal.* **Exhibit H, Exhibit I**

13. On April 20, 2021, Ms. Morales filed an opposition to the Chapter 7 Trustee's request for disgorgement of the attorney's fees, since the same is incorrect in fact and in law. (Docket 44) **Exhibit J**

*Findings Regarding the Information on the Schedules and Other Matters*

14. Pursuant to the information provided by the Debtor the following real estate properties were listed in the Schedules:

3

    a.  Paseo de la Ceiba, Calle Arce D3, Juncos, P.R. which was described as Debtor's residence with a homestead exemption.

    b.  Urb. Los Lirios A10, Barrio Los Lirios, Juncos, P.R. which was described as an unoccupied residential property.- **Exhibit A** *Declaration under Penalty of Perjury of Lyssette A. Morales Vidal,* (Docket 1) **Joint Exhibit I** Schedules.

15. On January 17, 2021, Ms. Morales filed an application for the payment of the filing fee in installments with the initial $50.00. (Dockets 2 and 4) **Joint Exhibit II**

16. On January 19, 2021, the Honorable Court granted the application for payment of the filing fee in installments. (Docket 7)

17. On February 11, 2021, the Debtor paid the remainder of the filing fee in the amount of $298.00. (Docket 11)

18. On February 11, 2021, the first Meeting of Creditors was held through a telephonic conference and the Trustee questioned the Debtor regarding the information in the Schedules. The Trustee requested that the Debtor turnover the keys of the property located at Barrio Lirios, to which Ms. Morales agreed. The Meeting of Creditors was continued for March 3, 2021. (Docket 16)- **Exhibit A** *Declaration under Penalty of Perjury of Lyssette A. Morales Vidal.*

19. On that same date Ms. Morales requested that the Debtor provide the keys to the property at Barrio Lirios, but did not receive the same in time to forward them to the Chapter 7 Trustee as previously agreed at the meeting of creditors.- **Exhibit A** *Statement under Penalty of Perjury of Lyssette A. Morales Vidal.*

20. Days after the meeting of creditors Ms. Morales was informed that the property located at Barrio Lirios had been leased pre-petition by Debtor's prior consensual partner of eighteen

(18) years. The rent paid by the tenants to Mr. Lozada, Debtor's prior consensual partner, was of $450.00 per month.- **Exhibit A** *Statement under Penalty of Perjury of Lyssette A. Morales Vidal.*

21. Thereafter, the Debtor provided Ms. Morales with Check No. 132, dated February 18, 2021 in the amount of $900.00. Ms. Morales informed the Chapter 7 Trustee of the check received. **Exhibit A** *Declaration under Penalty of Perjury of Lyssette A. Morales Vidal,* **Exhibit C** *Check No. 132.*

22. On February 19, 2021, the Schedules were amended in order to correct the fact that the Barrio Lirios property was leased and include the amount of $450.00 as income in Schedule I. - Docket 17, **Exhibit A** *Declaration under Penalty of Perjury of Lyssette A. Morales Vidal.* **Joint Exhibit III**

23. On March 2, 2021, Ms. Morales informed the Chapter 7 Trustee by email of her intent to withdraw as legal representation and requested the stay or continuance of the meeting of creditors scheduled for March 3, 2021. **Exhibit A** *Declaration under Penalty of Perjury of Lyssette A. Morales Vidal,* **Exhibit D** Email dated March 2, 2021.

24. On March 2, 2021, Ms. Morales advised the Debtor that she was requesting authorization to the Bankruptcy Court to withdraw as her attorney. **Exhibit A** *Declaration under Penalty of Perjury of Lyssette A. Morales Vidal.*

25. On March 3, 2021, Ms. Morales met with the Debtor and discussed her withdrawal of legal representation, the pending matters in the case, the need to turnover the keys to the Chapter 7 Trustee of the Los Lirios property and the need to retain new legal representation.- **Exhibit A** *Declaration under Penalty of Perjury of Lyssette A. Morales Vidal,*

26. Also, on that date, Ms. Morales returned the check dated February 18, 2021 in the amount

of $900.00 to the Debtor.- **Exhibit A** *Declaration under Penalty of Perjury of Lyssette A. Morales Vidal,*

27. Ms. Morales does not hold in her possession any moneys belonging to the Debtor or the bankruptcy estate.- **Exhibit A** *Declaration under Penalty of Perjury of Lyssette A. Morales Vidal.*

28. The only funds that Ms. Morales received from the Debtor are those related to the attorney's fees and the filing fee paid to the Court.- **Exhibit A** *Declaration under Penalty of Perjury of Lyssette A. Morales Vidal,* **Exhibit B** *Bank Statement*

29. On March 3, 2021, Ms. Morales filed the Motion to Withdraw Legal Representation. (Docket 19) **Exhibit F**

30. On March 12, 2021, attorney Jesús Batista filed a Notice of Appearance as new counsel for the Debtor. (Docket 26) **Exhibit G**

31. On June 2, 2021, the Honorable Court granted Ms. Morales' request for leave to withdraw as counsel for the Debtor and retained jurisdiction to consider the request for disgorgement of fees. (Docket 55) **Joint Exhibit IV**

32. On June 2, 2021, the Honorable Court granted the Notice of Appearance of attorney Batista, as counsel for the Debtor. (Docket 56) **Exhibit K**

33. On July 22, 2021, the Debtor, through her new legal counsel filed Amended Schedules, a Motion to Convert the case from Chapter 7 to Chapter 13 and an Amended Chapter 13 calculation of disposable Income, Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period for 5 Years Form 122C-1. (Dockets 70, 71 and 72 respectively) **Joint Exhibit V, Exhibit L**

34. The Debtor submitted with the Motion to Convert a declaration under penalty of perjury of Mr. Hector Lozada her prior consensual partner which clarified that it has been him who has been in charge of the Los Lirios property and he executed the lease agreement with the tenant of the property. He further declares that the Debtor has never spoken nor met the tenant of the property and that the rent is paid by the tenant directly to him and not to the Debtor. Docket 71. **Exhibit L**

35. On July 23, 2021, the Court entered an Order granting the conversion of the Chapter 7 case to Chapter 13 and the Chapter 13 meeting of creditors was scheduled for August 25, 2021. (Docket 74) **Joint Exhibit VI**

36. On July 23, 2021 the Chapter 7 Trustee moved to hold in abeyance or vacate the Order converting the case to Chapter 13. (Docket 77)

37. On July 27, 2021, the Honorable Court denied without prejudice the Trustee's request to hold in abeyance the Order converting the case to Chapter 13. (Docket 81)

## PROPOSED CONCLUSIONS OF LAW

1. The Chapter 7 trustee's request for the disgorgement of the attorney's fees is based on the fact that the Debtor's initial Statement of Financial Affairs provided that she had paid Ms. Morales the amount of $1,950.00 as attorney's fees pre-petition and the Rule 2016 (b) disclosures stated that the $1,950.00 were not paid pre-petition. See docket 28 at page 8. It is clear from the uncontested facts and the evidence submitted on the record that the professional fees were paid pre-petition and that anu inconsistency in the documents filed was an involuntary mistake which was corrected without any adverse consequence to the estate.

7

2. The fees in dispute were properly received by Ms. Morales and in accordance with Section 329 of the Bankruptcy Code.

3. Proper disclosure of the fees paid was given in the initial Statement of Financial Affairs and Form 2030, as amended. (Dockets 1, 32 and 33) Joint Exhibit I, Exhibit H and Exhibit I, *supra*

4. Ms. Morales filed a motion in order to inform the Court of the clerical error, requested leave to amend Form 2030 to correctly reflect the payment of the fees prior to the petition date and submitted copies of her bank statement which reflect that the deposits made by the Debtor to Ms. Morales' account were all done before the January 17, 2021 petition date. (Docket 32) Exhibit B *supra*.

5. There is NO "cause" for disgorgement of the attorney's fees since the clerical error was promptly corrected. Prior to the bankruptcy filing the Debtor released control of the funds paid to Ms. Morales.

6. Ms. Morales assisted the Debtor to the best of her abilities and prepared the filing documents with the information that the Debtor had provided, as of that date.

7. At the time of the preparation of the Schedules and Statement of Financial Affairs there was no reason to believe that the information the Debtor was not correct. Exhibit A, *supra*

8. The uncontested testimony of Ms. Morales and the record of the case prove that once the Chapter 7 Trustee brought to the attention of the parties the discrepancy in the disclosure of the professional fees, the same was corrected by Ms. Morales and evidence to confirm this fact was immediately provided to the Trustee and the Court. Exhibit H and Exhibit I, *supra*

9. Ms. Morales corrected the clerical error shortly after this issue was raised by the Chapter 7 Trustee in the motion. Disgorgement is rarely appropriate under this type of circumstance (when the error was clerical in nature) where the attorney conducts his/her affairs in good faith. In re Koliba, 338 B.R. 48 (Bankr. N.D. Ohio 2006)

10. The Chapter 7 Trustee also alleged that Ms. Morales left the Debtor "to fend for herself". See Docket 28 pat Page 9, paragraph 28. This statement is erroneous and not sustained by the record.

11. On March 3, 2021 the motion to withdraw as counsel for the Debtor was filed. (Docket 19). Exhibit F, *supra*. On March 12, 2021, attorney Jesús E. Batista filed a Notice of Appearance on behalf of the Debtor. Exhibit G, *supra*. Therefore, the Debtor had capable and competent legal representation in less than ten (10) days after Ms. Morales filed her motion to withdraw. **This fact was known or should have been known by the Trustee since it stems from the docket that attorney Batista filed his appearance prior to the Trustee's motion requesting disgorgement of fees.**

12. These allegations do not constitute "cause" for the disgorgement of the fees.

13. The Trustee filed a reply to Ms. Morales' opposition to the request for the disgorgement of fees. (Docket 54) In this reply she alleges, without providing any evidence, additional "reasons" for the disgorgement of the fees.

14. The Trustee's allegation in the Reply that the Debtor could not amend the Schedules to correct the information related to the Los Lirios property and income received has no basis in fact and law under the specific circumstances in this case. The record shows that the Debtor was questioned at the Meeting of Creditors held on February 11, 2021 regarding the property and it was her testimony that the property was vacant. On February 19, 2021,

9

that is eight (8) days after the Meeting of Creditors the Debtor, through Ms. Morales amended the Schedules to correct that the property was not vacant and include the $450.00 as additional income, among other amendments. Joint Exhibit III, *supra*. There was no undue delay or lack of diligence in Ms. Morales' representation of the Debtor. She diligently corrected the error in the Schedules.

15. Moreover, it is confirmed by the declaration of Debtor's ex-partner, Mr. Hector Lozada, which was included in the Motion to Convert filed at Docket 71, that the Debtor had no prior knowledge of the lease, since it has been he who for years has been in charge of the administration of that property as part of their inter-relationship agreement. The Trustee has presented no evidence to sustain Debtor's prior knowledge of the lease. Exhibit L, *supra*

16. The Trustee claims that Ms. Morales had not turned over the post petition income. The Debtor provided Ms. Morales check no. 132 in the amount of $900.00 on account of post petition income received. Exhibit C, *supra*. This was informed to the Trustee on March 1, 2021. Ms. Morales resigned on March 2, 2021 and met with the Debtor on March 3, 2021. Upon her resignation, Ms. Morales met with the Debtor and returned the payment received. Therefore, she was unable to turnover those funds to the Trustee. See Exhibit A, *supra*.

17. Furthermore, a review of Debtor's motion to convert the case to Chapter 13 filed at Docket 71 states that the accrued post petition income will be deposited with the Court in order for the Chapter 13 Trustee to administer this asset. Exhibit L, *supra*. Therefore, there is no loss to the estate since the funds that were returned to the Debtor are now to be turned over to the Chapter 13 Trustee for payment to creditors. Under this fact there is no wrongdoing by Ms. Morales nor "cause" for disgorgement of fees.

18. The bankruptcy estate has suffered no loss.  The Los Lirios property was disclosed since the filing of the bankruptcy petition and was always subject to the Trustee's administration when the case was under Chapter 7. See Docket 1. Joint Exhibit I, *supra*

19. The Trustee also alleges that Ms. Morales could not request on behalf of the Debtor to pay the filing fee in installments because Ms. Morales had available the funds the Debtor had paid as attorney's fees.  The Trustee provides no reason in fact or in law to sustain this argument.  The Bankruptcy Code does not require that an attorney pay the filing fees of the Debtor from his/her compensation.

20. The Debtor disclosed in the Statement of Financial Affairs that she had paid Ms. Morales the attorney's fees and requested leave to pay the filing fee in installments.  Leave was granted by the Court on January 19, 2021 and the Debtor paid on February 11, 2021, that is in less than one (1) month, the balance of the filing fee. See Dockets 2, 7 and 11. Joint Exhibit II, *supra.* Clearly there is no wrongdoing on the part of the Debtor or of Ms. Morales under this set of facts.

21. The cases cited by the Trustee are clearly distinguishable from the specific facts of this case. The Trustee has failed to prove that Ms. Morales' conduct was negligent, disrespectful of the orders of the Court or that the estate or the Debtor suffered any loss from the errors that may have been committed.  Furthermore, all of the errors in the Schedules and in Form 2030 were promptly remedied and the documents amended.

22. The uncontested testimony of Ms. Morales proved that she prepared the Petition, Schedules and Statement of Financial Affairs with the information and documents provided by the Debtor.  Once she was given additional information regarding the Los Lirios property Ms.

11

Morales immediately amended the Schedules to correct the record of the case. See

Amended Schedules at Docket 17. Joint Exhibit III, *supra*

23. Section 329 of the Bankruptcy Code provides:

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to -
(1) the estate, if the property transferred -
(A) would have been property of the estate; or
(B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or
(2) the entity that made such payment.

24. The plain language of § 329 provides that <u>there must first be a determination that the fees are excessive</u>. Only after that determination, and <u>only to the extent excessive, would there be a disgorgement</u>." *Schroeder v. Rouse (In re Redding)*, 247 B.R. 474, 478-79 (B.A.P. 8th Cir. 2000). The court "retains broad discretion in awarding appropriate fees in matters before it." *Matter of Ferkauf Inc.*, 42 B.R. 852, 853 (Bankr. S.D.N.Y. 1984), *aff'd*, 56 B.R. 774 (S.D.N.Y. 1985). <u>In re Drezek</u>, 2008 Bankr. LEXIS 1083, (Bankr. D. Conn. Mar. 27, 2008)

25. In this case there is no cause to believe that the fees paid to Ms. Morales were excessive. Nor has it been proven by the Trustee that Ms. Morales incurred in any negligent conduct that would warrant the disgorgement of her fees.

26. The unrebutted declaration of Ms. Morales evidences that she undertook a reasonable inquiry of the documents and information provided to her prior to the filing of the

12

bankruptcy petition and that she met with the Debtor to discuss the same. Ms. Morales had

an initial meeting with the Debtor that lasted four (4) hours and met with the Debtor at least

two times to discuss "additional documents" provided, as well as drafts prepared of the

bankruptcy petition, the Schedules and the Statement of Financial Affairs. Exhibit A, *supra*

27. Ms. Morales complied with her duties under Section 707 (b)(4)D) of the Bankruptcy Code

which provides that the "signature of an attorney on the petition shall constitute a

certification that the attorney has no knowledge after an inquiry that the information in the

schedules filed with such petition is incorrect."

28. The standard when evaluating counsel's duties and compliance under Section 707

(b)(4)(D) of the Bankruptcy Code is an objective standard as provided by the case of In re:

Winthrow, 405 BR 505 (1st Cir. BAP 209) which provides as follows:

> "Although the certification is not an absolute guaranty of accuracy,
> it must be based upon the attorney's best knowledge, information
> and belief, formed after an inquiry reasonable under the
> circumstances. The United States Court of Appeals for the First
> Circuit has held that the standard to be applied is an objective
> standard of reasonableness under the circumstances. Courts,
> therefore, must inquiry as to whether a reasonable attorney in like
> circumstances could believe his actions to be factually and legally
> justified. (Our Emphasis)

29. Furthermore, under this objective standard, the Debtor's counsel "is not a guarantor of the

accuracy of the information contained in the schedules and statements". In re Withrow,

391 B.R. 217, 227 (Bankr. D. Mass. 2008). Instead, an attorney is under a duty to perform

an objectively reasonable investigation under the circumstances and to act upon any

information revealed in that investigation. In re: Gistis 2020 Bankr. LEXIS 743 (Bankr. D.

Me. 2020)

13

·

30. Disgorgement of fees is one of the most severe sanctions to an attorney.  As it was determined by the Court in the case of In re: Rivera, 2011 Bankr. LEXIS 3503 (Bankr. D.P.R. 2011) citing In re Withrow, *supra,* "sanctions are meant to serve the dual purposes of deterrence and compensation. Amongst the factors to weigh are: if the party's conduct was willful or negligent, whether it was a pattern of activity or an isolated event, whether it infected the entire pleading, whether there is a basis in law."

31. The evidence shows that eight (8) days after the Meeting of Creditors, Ms. Morales made a reasonable inquiry regarding the facts and amended the Schedules and Statement of Financial Affairs in order to disclose that the Los Lirios property was leased and reflect Debtor's additional income.  Ms. Morales also amended Form 2030 to correct the error regarding the disclosure of her fees.  Her actions were not willful nor negligent, nor has she had a pattern of activity in this case that would sustain the request for the disgorgement of her fees.

**WHEREFORE**, it is very respectfully requested that the Honorable Court that it takes notice of the Proposed Findings of Fact and Conclusions of law in support of Ms. Morales' objection to the Trustee's motion requesting disgorgement of fees filed by the Chapter 7 Trustee.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 18th day of August 2021.

14

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing document with

the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all

counsel who have filed appearances in this case including the Chapter 7 Trustee.

**C. CONDE & ASSOC.**
254 San José Street, 5th Floor
Old San Juan, Puerto Rico  00901
Telephone:  787-729-2900; Facsimile:  787-729-2203
E-mail:condecarmen@condelaw.com

*/s/Carmen D. Conde Torres*
Carmen D. Conde Torres, Esq.
USDC 207312

*/s/Luisa S. Valle Castro*
Luisa S. Valle Castro, Esq.
USDC No. 215611
