| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>LIZETTE ALEJANDRO PENA | **DEFENDANTS**<br>COOPERATIVA A/C LAS PIEDRAS |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>**THE BATISTA LAW GROUP, PSC**<br>P.O. BOX 191059<br>SAN JUAN, PR. 00919<br>787.620.2853 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☑ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

VIOLATION OF THE FAIR CREDIT BILLING ACT (15 U.S.C. §1666) AND VIOLATION OF THE AUTOMATIC STAY (11 U.S.C. §362)

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☑ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☑ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☑ 02-Other (e.g. other actions that would have been brought in state court and/or federal court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $150,000.00 |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>LIZETTE ALEJANDRO PENA | BANKRUPTCY CASE NO.<br>21-00066 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>DISTRICT OF PUERTO RICO | DIVISION OFFICE<br>SAN JUAN | NAME OF JUDGE<br>ESL | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ WILLIAM RIVERA VELEZ | | | |
| DATE<br><br>AUGUST 28, 2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>WILLIAM RIVERA VELEZ | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>LIZETTE ALEJANDRO PENA<br><br><br>Debtor | Case No. 21-00066<br>Chapter 13 |
| LIZETTE ALEJANDRO PENA<br><br>Plaintiff<br><br>v.<br><br>COOPERATIVA A/C LAS PIEDRAS<br><br>Defendant | Adv. P. No.<br><br>ACTUAL AND PUNITIVE DAMAGES FOR VIOLATIONS OF THE FAIR CREDIT BILLING ACT AND VIOLATION OF THE AUTOMATIC STAY |

## **COMPLAINT**

**COMES NOW**, Debtor-Plaintiff, Lizette Alejandro Pena, by and through the undersigned counsel and in support of this **COMPLAINT** respectfully **STATES, ALLEGES**, and **PRAYS** as follows:

### I. INTRODUCTION

1. This action seeks redress damages and injuries suffered by Plaintiff as a result of Defendant Cooperativa A/C Las Piedras (hereinafter referred as "Cooperativa") violation of the Fair Credit Billing Act, 15 U.S.C. §1666 ("FCBA") and the Automatic Stay Provisions of the United States Bankruptcy Code 11 U.S.C. § 362. Cooperativa, wrongfully and without authorization, levied or converted funds Plaintiff held on deposit with Cooperativa to offset an alleged indebtedness arising out of a consumer credit card plan. Cooperativa's actions took place after this Honorable Court had entered an Automatic Stay Order under Section 362; Cooperativa did not previously seek or obtain an Order for Relief from the Automatic Stay and/or any other

1

Order authorizing its wrongful and illegal actions. Cooperativa's illicit collection activities result in the violation of the FCBA, as incorporated onto the Truth In Lending Act at 15 U.S.C. §1666 and the Automatic Stay provisions of the United States Bankruptcy Code at 11 U.S.C. §362.

## II. JURISDICTION AND VENUE

2. Jurisdiction is invoked under the provisions of 28 U.S.C. Sec 157(a)(b)(1) and 28 U.S.C. Sec 1334 since the facts of the Complaint arise in connection with a case under the Bankruptcy Code and concerns this Court's power and property of the Debtor. In addition, this Honorable Court is vested with 'related to' jurisdiction over Plaintiffs' FCBA claims pursuant to 15 U.S.C. §1666 and 28 U.S.C. §1331 because the proceeds of said claims may benefit the bankruptcy estates of the Plaintiffs. *See*, In re Roman, 527 B.R. 844, 851 (Bankr. D.P.R. 2015).

3. Venue is proper in this Court under 28 U.S.C. Sec. 1408 and 1409 because all the events and omissions giving raise to the claims asserted in the Complaint occurred within this judicial district.

## III. PARTIES

4. Plaintiff, **Lizette Alejandro Pena** (hereinafter referred as "Plaintiff") is a citizen of the Commonwealth of Puerto Rico, residing in the Municipality of Juncos, Puerto Rico and the Debtor in the underlying Chapter 13. As such, Mrs. Alejandro Pena has standing to appear as Plaintiff.

5. Defendant, **Cooperativa A/C Las Piedras** (hereinafter referred as "Defendant" or "Cooperativa") is a corporation operating under the laws of the Commonwealth of Puerto Rico, authorized to provide financial services to its members. Cooperativa issued Plaintiff a certain 'Master Card' credit card under a consumer credit card plan. As such, Cooperativa is a "card issuer" in the context of the FCBA and subject to the Act.

2

6. Defendant, **INSURANCE COMPANIES ABC**, (hereinafter, "INSURANCE COMPANIES ABC) are the insurance companies of the Defendant Cooperativa in this adversary proceeding who are liable for the acts against Plaintiff and are therefore responsible for the damages and acts alleged in this complaint.

7. Defendant, **JOHN DOE AND JANE DOE,** are fictitious names for unknown persons who participated in the act and omissions against Plaintiff and/or who are successors of Defendant Cooperativa, all responsible for the damages suffered by the Plaintiff.

### IV. FACTUAL ALLEGATIONS

8. Plaintiff re-alleges each and every previous allegation as if fully established herein.

9. On January 7, 2021, Plaintiff filed a voluntary petition under Chapter 7 of the Bankruptcy Code. *See,* Dk. #1 on the Bankruptcy case no. 20-00066-ESL (hereinafter referred to as the "Bankruptcy Case").

10. Pre-petition, Plaintiff had incurred in an alleged debt with Defendant. The alleged debt was resulted from credit transactions for the benefit of Plaintiff, Plaintiff's family and/or Plaintiff's household. The alleged debt was a "Consumer Debt" as such term is understood under the FCBA.

11. The alleged Debt materialized in the form of a Master Card.

12. The Master Card in question is a credit card which is part of a "Credit Card Plan" as such term is understood under the FCBA.

13. Pre-petition, Defendant also held funds on deposit which belonged to Plaintiff.

14. The funds "held on deposit," as such term is understood under the FCBA, amounted to $4,350.27. *See*, Proof of Claim #2.

15. The funds "held on deposit" related to a saving account held by Plaintiff at Cooperativa.

16. A savings account is a "deposit" account. *See*, Wiscovitch-Rentas v. Banco Popular De Puerto Rico (In re Rivera), 600 B.R. 132 (B.A.P. 1st Cir. 2019) ("The Debtor's **savings account** is within the Commercial Transactions Act's definition of a **'deposit account.'** The Commercial Transactions Act defines a deposit account as '... a demand, time, savings, passbook, or similar account maintained with a bank.' P.R. Laws Ann. tit. 19, § 2212(29)").

17. On February 11, 2021, Defendant filed its Proof of Claim. *See,* Proof of Claim # 2.

18. On March 1, 2021, Defendant Cooperativa filed Amended Proof of Claim 2-2 (hereinafter referred to as the "Proof of Claim"). Id.

19. In the Proof of Claim Cooperativa announced that it had off-set the alleged Consumer Debt against funds held by Plaintiff on deposit with Cooperativa. *See*, Proof of Claim.

20. Cooperativa claimed that the remaining balance owed, after the set-off, was the amount of $5,611.37. *See*, Proof of Claim.

21. In fact, at Question #11 of the Proof of Claim, Cooperativa readily – yet wrongfully - claims that it was entitled to set-off the alleged Consumer Debt against the funds it held on deposit for Plaintiff.

22. An account status of Plaintiff's account with Cooperativa, as informed by noticoop@cooplaspiedras.com, as of January 26, 2021 or just 9 days after the Plaintiff sought bankruptcy protection, confirms Cooperativa's off-set of the Consumer Debt against the funds held on deposit.

23. As of January 26, 2021, Cooperativa reported a "Disp." (upon information and believe, "disposable balance" of just $ 0.90.

4

24. Cooperativa, withdraw and/or converted, over $4,300.00 of Plaintiff funds on deposit to set-off and/or off-set the Consumer Debt.

25. At no time prior to the set-off did Cooperative seek or obtain Relief from the Automatic Stay.

26. Post-petition, and notwithstanding having received notice of the bankruptcy and actually having filed a Proof of Claim, through the month of June 2021, Cooperative continued to mail Plaintiff monthly statements which falsely alleged that the Consumer Debt was due and owing.

**COUNT I – VIOLATION OF THE FAIR CREDIT BILLING ACT 15 U.S.C. § 1666(h)**

27. Plaintiff re-alleges each and every previous allegation as if fully established herein.

28. Pursuant Section 1666h(a) of the FCBA, the right of setoff in connection with credit cards accounts is prohibited.

29. Section 1666h(a) reads as follows:

> *A card issuer may not take any action to offset a cardholder's indebtedness arising in connection with a consumer credit transaction under the relevant credit card plan against funds of the cardholder held on deposit with the card issuer unless—*
>
> *(1) such action was previously authorized in writing by the cardholder in accordance with a credit plan whereby the cardholder agrees periodically to pay debts incurred in his open end credit account by permitting the card issuer periodically to deduct all or a portion of such debt from the cardholder's deposit account, and*
>
> *(2) such action with respect to any outstanding disputed amount not be taken by the card issuer upon request of the cardholder.*

30. This provision on offsets "is presented as an absolute bar preventing a card issuer from taking action to offset credit card debt against funds held on deposit with the card issuer." Martino v. Am. Airlines Fed. Credit Union, 121 F. Supp. 3d 277, 283 (D. Mass. 2015) (citing §

5

1666h(a)); see also, In re Clark, 161 B.R. 290 (Bankr. N.D. Fla. 1993) (credit union is not authorized, under the FCBA, to set-off credit card debt against funds held on deposit, notwithstanding its alleged underlying statutory lien).

31. In addition, the Federal Reserve Board, in interpreting the TILA setoff prohibition concluded that an administrative freeze on funds is "the functional equivalent of an offset," accordingly, prohibited under the FCBA. *See*, Official Staff Commentary on Reg. Z, § 226.12(d)(1)-1.

32. "The Debtor's **savings account** is within the Commercial Transactions Act's definition of a **'deposit account.'** The Commercial Transactions Act defines a deposit account as '... a demand, time, savings, passbook, or similar account maintained with a bank.' P.R. Laws Ann. tit. 19, § 2212(29)." Wiscovitch-Rentas v. Banco Popular De Puerto Rico (In re Rivera), 600 B.R. 132 (B.A.P. 1st Cir. 2019).

33. The Consumer Debt related to a credit card debt, which in turn, was part of a credit card plan as such term is understood by the FCBA.

34. The Proof of Claim confirms that Coopeerativa set-off the Consumer Debt (i.e., a credit card debt) against over $4,300.00 of funds Plaintiff held on deposit with Cooperativa (i.e. the Plaintiff's savings account).

35. The January 26, 2021 account balance notification from noticoop@cooplaspiedras.com, which shows a disposable balance of $0.90 cents, further confirms that Cooperativa set-off, or placed on administrative hold – which is the "functional equivalent of a set-off" the Consumer Debt against over $4,300.00 of funds Plaintiff held on deposit with Cooperativa.

36. Plaintiff has, on multiple occasions, attempted to withdraw fund from her savings account at Cooperativa – in person – and has been told that the funds in her account are not available.

37. Defendant violated the §1666(h) of the FCBA when it proceeded to set-off the Credit Card Claim against the savings of the cardholder.

38. Defendant's violation of the FCBA caused and resulted in economic, emotional and physical damages to Plaintiff. Amongst others, Cooperativa wrongfully took and converted over $4,300.00 of Plaintiff's funds for themselves. In addition to the monetary damages, Cooperativas's conversion resulted in severe emotional distress, pain and suffering to the Plaintiff.

39. As a result of Defendant's conduct, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C.§1666 and 15 U.S.C.§1640, costs, attorney fees and punitive damages.

40. In view of the foregoing, Plaintiff respectfully requests this Honorable Court enter an Order to grant judgment in her favor in the following manner:

   a. find that Defendant, in violation of the FCBA (15 U.S.C. Section 1666h(a), set-offed a credit card debt against funds (savings) of the cardholder (Plaintiff) held on deposit with the card issuer (Defendant); and

   b. enter an award, in favor of Plaintiff, of statutory damages pursuant to 15 U.S.C.§1666 and 15 U.S.C.§1640, as well as costs, attorney fees and punitive damages.

   c. granting any such further relief that this Court deems just and proper under the circumstances.

**COUNT II - WILLFUL VIOLATIONS OF THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362 AND CIVIL CONTEMPT**

41. Plaintiff re-alleges each and every previous allegation as if fully established herein.

42. The Automatic Stay provisions of the Bankruptcy Code, in its pertinent part, reads as follows:

> "(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;…
> (2) ………………………………………..………………………………..;
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
> (4) any act to create, perfect, or enforce any lien against property of the estate;
> (5) ………………………………………………………………...……..;
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;"
> (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any against the debtor, and…

43. The Federal Courts have concluded that both public and private creditors of debtors are subject to the automatic stay; even parties who are not creditors of the Estate are subject to it. *See*, In Re Clausenn 118 B.R. 1009, 1015 (Bankr. D. S. D. 1990).

44. Pursuant to 11 U.S.C. §362(a)(1), upon receipt of the bankruptcy filing notice and this Honorable Court's Stay Order, Defendant's employee(s), agent(s), representative(s), legal or otherwise, and or contractor(s) were required to STOP any and all actions "to recover a claim against the debtor."

45. Pursuant to 11 U.S.C. §362(a)(3), upon receipt of the bankruptcy filing notice and this Honorable Court's Stay Order, Defendant's employee(s), agent(s), representative(s), legal or otherwise, and or contractor(s) were required to STOP "any act to obtain possession of property of the estate …"

8

46. On its bankruptcy Schedule E/F, Plaintiff included Defendant's alleged credit card debt as an unsecured creditor (hereinafter referred to as the the "Pre-petition Debt"). *See*, Dk. #1, pg. *29.

47. The Clerk of this Honorable Court sent notice of the bankruptcy petition was to Defendant. *See*, Dk. #8.

48. In fact, Defendant's actual knowledge of the bankruptcy case is confirmed by the fact that on February 11, 2021 Defendant filed a Proof of Claim. *See*, Proof of Claim #2.

49. At all relevant times, Defendant, its employee(s), agent(s), representative(s), legal or otherwise, and or contractor(s) had actual knowledge of the filing of the Plaintiff's Bankruptcy Petition and of the Automatic Stay Provisions of the Bankruptcy Code in effect.

50. At no time since the filing of the Bankruptcy Case on January 17, 2021, did Cooperativa seek relief from the Automatic Stay under Section 362.

51. At no time since the filing of the Bankruptcy Case on June 17, 2021, did Cooperativa obtain an Order Lifting the Automatic Stay.

52. After the filing of the Voluntary Petition, and notwithstanding having actual knowledge of the Bankruptcy, and despite not having even filed a Motion for Relief of Stay much less having obtained an Order Lifting the Automatic Stay, Cooperativa continued with collection efforts against the Plaintiff.

53. The unauthorized collections efforts included, in violation of Section 362, the taking, exercising control, and proceeding to set-off, unlawfully, Plaintiff's alleged Pre-Petition Debt against Plaintiff's savings account.

54. A set-off, or even an extended administrative freeze, in absence of an Order lifting the automatic stay, violates Section 362 of the Bankruptcy Code. *See*, Cordero v. Coop A/C Isabela, *Slip Opinion*, Case #12-02554 (BKT), June 12, 2014.

55. The unauthorized collections efforts included, but were not limited to, continuing to send Plaintiff collection letters and monthly statements during the months of February, March, April, May, and June, in violation of Section 362.

56. Plaintiff has been injured by a willful violation of the automatic stay provided by 11 U.S.C. § 362; as such, is entitled to recover actual damages, including costs, attorneys' fees, and punitive damages.

57. Section 362 of the Bankruptcy Code provides individual debtors with a powerful tool to safeguard the benefits of the automatic stay and to discourage violations of it. Putnam v. Rymes Heating Oils, Inc. (In re Putnam), 167 B.R. 737, 741 (Bankr.D.N.H.1994). It provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k).

58. Defendant's violation of the Automatic Stay caused Plaintiff to lose over $4,300.00 in her savings account.

59. Defendant's violation of the Automatic Stay caused Plaintiff to incur in actual damages like attorney expenses and other costs associated with inquiring from counsel why, despite the automatic stay, her funds had been withdrawn and why she was subject to receiving post-petition collection efforts.

60. Defendant's violation of the Automatic Stay also caused plaintiff emotional damages, like distress and severe headaches, associated with losing over $4,300.00 as well as being subjected to post-petition collection efforts.

61. Defendant's unlawful actions and omissions, as well as its false, unfair and deceptive actions, were the direct and proximate cause of Plaintiff's injuries and damages.

62. Any potential bona fide error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon them by the law would fail as a matter of law.

63. As a result of Defendant's conduct, Plaintiff is entitled to an award of statutory damages pursuant to 11 U.S.C.§362(k).

64. As a result of Defendant's conduct, Plaintiff is entitled to an award of costs and attorney fees pursuant to 11 U.S.C.§362(k).

65. As a result of Defendant's conduct, Plaintiff is entitled to an award of compensatory damages in the amount of no less than $50,000.00 for actual damages, including economic losses, emotional suffering, mental anguish and the deliberate disruption of Plaintiffs' financial rehabilitation efforts.

66. Defendant's intentional and deliberate actions were intentional or, at a minimum, in reckless disregard of this Honorable Court's orders, namely the Automatic Stay Order, for which punitive damages in the amount of no less than $50,000.00 should be awarded to Plaintiff.

67. In view of the foregoing, Plaintiff respectfully requests this Honorable Court enter an Order to grant judgment in her favor in the following manner:

    a. declare that Defendant's policies and practices are unlawful and in violation of the automatic stay provided by the Section 362 of the Bankruptcy Code.

b. enter judgment in favor of Plaintiff and against Defendant, for actual damages, statutory damages, costs, and reasonable attorney's fees as provided by 11 U.S.C. § 362(k).

c. granting any such further relief that this Court deems just and proper under the circumstances.

**WHEREFORE**, in view of the foregoing, Plaintiff respectfully requests this Honorable Court enter a Judgment in Plaintiff's favor, granting Plaintiff the remedies requested in this Complaint and such other remedies as may be fair and equitable.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this August 28th day of August 2021.

**THE BATISTA LAW GROUP, PSC.**
P.O. Box 191059
San Juan, PR. 00919
Telephone: (787) 620-2856
Facsimile: (787) 777-1589

/s/ Jesus E. Batista Sánchez
Jesus E. Batista Sánchez, Esq.
USDC-PR No. 227014
E-mail: jeb@batistasanchez.com

/s/ William Rivera Vélez
William Rivera Vélez, Esq.
USDC-PR No. 229408
E-mail: wrv@batistasanchez.com