IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                               Case No.:21-00066-ESL

**LIZETTE ALEJANDRO PENA,**           Chapter 13

     **Debtor.**
_____/

**FORMER CHAPTER 7 TRUSTEE'S OPPOSITION TO CONVERSION
FOR BAD FAITH CONVERSION**

**To the Honorable Court:**

**Comes Now,** Noreen Wiscovitch-Rentas, former Chapter 7 Trustee ("Trustee"), and respectfully files this Opposition to the Conversion of this Case to Chapter 13, and in support, states:

1. On January 17, 2021, the Debtor filed a voluntary Petition under Chapter 7 of the Bankruptcy Code. The undersigned was the duly appointed and qualified Chapter 7 Trustee. *See* Dkt. Nos. 1 and 5. Later on July 22, 2021, the Debtor filed a Motion to Convert to Chapter 13. See Dk. No. 71 On July 23, 2021, the case was converted to Chapter 13. *See* Dkt. Nos. 74 and 75.

2. On July 23, 2021 (same date of the Order Granting Conversion), the Trustee filed a Motion for the Court to hold in abeyance or vacate the Conversion Order. *See* Dkt. No. 77. The Court denied the Motion but allowed 30 days to file an opposition to conversion. *See* Dkt. No. 81. The 30 days lapsed on August 26, 2021, and the Trustee requested an additional 15 days to file the Opposition, as there was at the time a shortly coming evidentiary hearing on the Trustee's Motion to Disgorgement of fees filed

1

against Debtor's initial Counsel. *See* Dkt. No. 114. The Court granted the Trustee the extension of time. *See* Dkt. No. 116.

3. Motions opposing the conversion are due today, September 10, 2021. *See* Dkt. No. 116.

4. At the Scheduled Evidentiary Hearing on September 1, 2021, the Court, *sua sponte*, questioned the Trustee's standing to request remedies in this case, pre and post conversion. The Court granted the Trustee 30 days to file a Memorandum of Law on a Chapter 7 Trustee Standing. The Thirty days run on October 1, 2021. *See* Dkt. No. 123. Since, the Deadline to file an opposition to conversion and the Deadline to file a memorandum of law do not coincide; the Trustee is filing this Motion out of caution to preserve the rights in the event the Court rules that the Trustee has standing to object to the conversion of this case as filed in bad faith.

5. Most of the documents in support of the bad faith conversion are already in the docket of this case. The Transcript of the Chapter 7 341 Meeting of Creditors, held on February 11, 2021, filed on docket no. 87 and the certified English translation of the 341 is in Docket No. 106. Further, the Trustee's Exhibit Register filed in preparation and in accordance to the Evidentiary Hearing Order (Dkt. No.105) contains documents prepared by the Debtor and in possession of the Debtor at the time of filing in addition to multiple filings in this case. All of these documents are pertinent to this opposition to the Motion to Convert.

6. The Motion to Convert to Chapter 13 filed by Debtor's current counsel, contains an unsworn statement under penalty of perjury from a Third Party, not in bankruptcy, and not a creditor of the Debtor. Clearly, the statement is hearsay and should not be

considered as evidence in support of the Motion to Convert. In fact, it appears that the statement is made by the alleged (current and/or former) sentimental partner of the Debtor, which "caused" her to file for bankruptcy due to a break up with him. See 341 Meeting Transcript. Dkt. No. 106, Page 16, Lines 5-23.

7. At the Meeting of Creditors, the Debtor made multiple false statements as follows:

   a. She had reviewed the Schedules and that there were no need to make changes to the Schedules as filed as they were complete at the time of filing. Yet the Docket clearly reflects that she has amended the Schedules, in particular Schedule A/B at least 4 times after that initial 341 Meeting of Creditors in February 2021. See Transcript Dkt. No. 106, Page 7, Lines 9-16. And **First** Amended Schedule A/B in Dkt. No. 6 ; **Second** Amended Schedule A/B in Dkt. No. 17; **Third** Amended Schedule A/B in Dkt No. 70; **Fourth** Amended Schedule A/B in Dkt. No. 107 and **Fifth** Amended Schedule A/B in Dkt. 119. In total during the pendency of this, case there have been 6 Schedule A/B filed. Three (3) filed by former counsel and Three (3) by new counsel. All of these were filed under penalty of perjury.

   b. The amendments to Schedule B, disclose new assets and/or new information, which existed and were available to the Debtor at the time of filing. *See* Dkt. Nos. 6, 17, 70, 107 and 119.

   c. The Debtor had at the time of the Petition $6, 241.62 in Banco Popular Account No. 2672. See Dkt. No. 105, attached as Exhibit 24.

3

d. The correct balance of the bank account was not disclosed in neither the original Schedule A/B nor in the Five additional amendments. *See* Dkt. Nos. 6, 17, 70, 107 and 119.

e. Debtor failed to disclose Post-Petition transfers amounting to $3,412.00 and $1,595.00. The Trustee nor the creditors in this case know, where this money went. *See* Exhibit 24, of Dkt. No. 105.

f. The Debtor falsely claimed that she had no funds to pay the filing fees in full and needed to pay the same by instalment, when she had over $6,000 in just one bank account. *See* Dkt. No. 2

g. In the original and in the first amended Schedules the Debtor failed to disclose that she received $450.00 in rents (or otherwise payments) from a realty located in Urb. Los Lirios in Juncos. *See* Dkt. No. 1 and 6. and Exhibit 25, of Dkt. No. 105. See also Exhibit 106, Certified Transcript. Page 16, lines 24 and 25 and Page 17, Line 1 (Debtor Declares that she receives no help with her expenses at the time). This statement is false as later, she files an amended Schedule I to show that she receives $450.00 in rent. *See Also* Motion to Convert in Dkt. No. 71. The Debtor now alleges that she did not received any rents, but $450.00 from her former and/or current companion. Either way, these funds were not disclosed at the 341 Meeting of Creditors when asked.

h. The Debtor stated under oath that the mortgage of the realty in Urb. Lirios was paid off. However, Schedule D filed in Dkt. No. 1 showed that money is owed to USDA Rural Development in the amount of $27,155.00 and to CRIM on the

4

property in the amount of $8,113.00. See Dkt. No. 1, Pages 24 and 25 of 71. *See* Transcript, Dkt. No. 106 Page 10, Lines 23 to 25 and Page 11 Lines 1 to 8.

i. The Debtor stated under oath that the Lirios Property was vacant. See Transcript Dkt. No. 106, Page 10, Line 23 to 25 and Page 11, Lines 1 to 8.

j. The Debtor stated under oath that the property was in need of improvements. See Dkt. No. 1 Schedule A/B, page 12 of 71. Later, in the Second amended Schedule A/B, she eliminates this comment. *See* Second Amended Schedule A/B Dkt. No. 17. Page 3 of 39.

k. The Debtor stated that the current value of the property was $60,000 at the time of the Petition. Later, in the Third Amended Schedule A/B she increases the value to $70,500. There is an appraisal attached to the Amended A/B in support of this value. *See* Dkt. No. 70, Pages 10 to 21.

l. During the pendency of the Chapter 7, the Debtor had in fact provided evidence to the Trustee that the values of the realties in Urb. Lirios range from $94,000.00 to $125,000. *See* Dkt. No. 106 , Exhibit 28.

m. In the Motion to Convert, the Debtor indicates that she will deposit with the Registry of the Court the amounts she received from the realty thru Mr. Lozada accrued from January 2021 to July 2021. The Trustee estimates that amount was $3,100 as of the date of conversion. *See* Dkt. No. 71, Paragraph 24. To date, these funds are not deposited with the Clerk of the Court.

8. In addition, to the above, the Debtor's **Fourth** Amended Schedule A/B to Disclose a "Cooperativa Valenciana Account" for $516.72. *See* Dkt. No. 107 Page 6 of 11. This is almost 8 months after the filing of the Petition.

5

9. The Debtor under valued the Lirios Property; failed to turnover the property; failed to turnover the rents and cooperate with the Trustee in the administration of this Bankruptcy Case during the Chapter 7. The Debtor has continually failed to disclose her assets as clearly reflected in Five (5) Amended Schedule A/B in 8 months.

10. Further, the Debtor has failed to turn over the rents of the Lirios Property or payments made by her former/current companion in the amount of $3,100, which are property of the Bankruptcy Estate and have not been consigned with the Court as claimed in the Motion to Convert.

**Memorandum of Law**

A conversion does not take away the fact that the Debtor has consistently failed to disclose property of the Bankruptcy Estate, which is a Crime under 11 U.S.C. §157, which states:

> A person who, having devised or intending to devise a scheme or artifice to defraud and for the purpose of executing or concealing such a scheme or artifice or attempting to do so—
> **(1)** files a petition under title 11, including a fraudulent involuntary petition under section 303 of such title;
> **(2)** files a document in a proceeding under title 11; or
> **(3)** makes a false or fraudulent representation, claim, or promise concerning or in relation to a proceeding under title 11, at any time before or after the filing of the petition, or in relation to a proceeding falsely asserted to be pending under such title,
> shall be fined under this title, imprisoned not more than 5 years, or both.

Conversion to Chapter 13 should not be used as an asylum for those who have hidden assets of the Bankruptcy Estate or from a Chapter 7 Bankruptcy Trustee.

This Court has had an opportunity to discuss the requirements of bad faith in conversions in a recent, Opinion and Order in the case of *In re*: Puntas Associates, LLC, Case No. 18-03123 (ESL) Opinion and Order October 8, 2019. Therein, the Court stated the elements to meet in order to prove bad faith conversion at page 10 and 11:

6

A debtor's decision to file a bankruptcy petition under a particular chapter is not irreversible. The Bankruptcy Code allows a debtor to move for conversion to another chapter. The requirements depend on the chapter from which the debtor requests conversion and the chapter to which the debtor requests the conversion. The voluntary conversion by a chapter 7 debtor to chapter 11 is governed by section 706(a), 11 U.S.C. § 706(a), which provides that a debtor may convert a chapter 7 case to chapter 11 at any time, if the case has not previously been converted under sections 1112, 1307 or 1308, and that any waiver to convert a case under § 706(a) is unenforceable.

A strict reading of section 706(a) conveys an absolute right to convert. However, the Supreme Court in Marrama v. Citizens Bank of Massachusetts, 549 U.S. 365, 127 S. Ct. 1105, 166 L. Ed. 2d 956 (2007), interpreted section 706(a) and held that the right to convert a chapter 7 case to another chapter is not absolute. The Supreme Court's reasoning primarily rests on a bad faith exception on account of existing facts that would subject the dismissal of the case under the chapter converted to. The Supreme Court further determined that bankruptcy courts have an inherent power under section 105 of the Bankruptcy Code, 11 U.S.C. §105(a), to prevent an abuse of the bankruptcy process. However, given the reading of the statutory

Page 11

provisions, the restriction of the debtor's right to convert to another chapter under which the debtor is eligible to file must be limited to "extraordinary cases." The extraordinary circumstances in Marrama concerned the concealment of significant assets. Hon. Joan N. Feeney, Hon. Michael G. Williamson, and Michael J. Stepan, Esq., Bankruptcy Law Manual, §10:15, Vol. 2, (5th Ed.2019); 6 Collier on Bankruptcy, ¶ 706.02 (Richard Levin & Henry J. Sommer eds., 16th ed.); Charles Jordan Tabb: Law of Bankruptcy, 3rd ed., §2.20.

This court is conscious that its equitable powers under section 105 are limited to orders that are necessary or appropriate to carry out the provisions of the Bankruptcy Code, Law v. Siegel, 571 U.S. 415, 134 S.Ct. 1188, 188 L.Ed. 2d 146 (2014); In re Oak Knoll Associates, L.P., 835 F.3d 24 (1st Cir. 2016). See In re Lopez Llanos, 578 B.R. 700, 707 (Bankr. D. Puerto Rico 2017).

The finding of bad faith is fact intensive and is made after analyzing the totality of the circumstances. In re Costa Bonita Beach Resort Inc., 479 B.R. 14, 40 (Bankr. D. Puerto Rico 2012). Lack of good faith or bad faith may constitute cause for the dismissal or conversion to chapter 7 of a chapter 11 petition pursuant to 11 U.S.C. § 1112(b). In re Ortiz Jimenez, 2018 WL 5883912, 2018 Bankr. LEXIS 3507, Bankruptcy District of Puerto Rico (November 7, 2018).

The decision to deny the debtor's request to convert the chapter 7 petition to chapter 11 rests on whether or not the totality of the circumstances in this case show that the debtor made the request for an improper bankruptcy purpose which constitutes bad faith and causes this case to be extraordinary.

The facts of this case, as in the case of *In re* Puntas, *supra*, the trustee is able to show that the totality of circumstances merit a finding of bad faith by the debtor in moving to convert the case to Chapter 13. Further, "In addition, the denial of the request for conversion for bad faith meets the equitable remedies in §105(a) as it will allow the chapter 7 trustee to continue to discharge her duties under section 704 of the Bankruptcy Code, mainly: reduce to money the property of the estate in the best interest of parties in interest, and examine proofs of claim and object to them for the purpose of maximizing distribution in accordance with the Bankruptcy Code." *In re* Puntas, *supra* a Page 13.

The Totality of Circumstances in this case, show the Debtor's failure to be an 'honest debtor" and it is not in the best interest of the Creditors in this case for the case to remain in Chapter 13. The Debtor does not intend to make the Estate whole and remedy her short comings in Chapter 7, but to continue providing incomplete schedules, failure to consign funds property of the estate and failure to be honest with the Court.

WHEREFORE, the Trustee respectfully requests for the conversion to Chapter 13, be set aside and to determine that the Motion to Convert to Chapter 13 was filed in Bad Faith.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent to Debtor's counsel, Jesus E. Batista Sanchez at hjeb@batistasanchez.com to Debtor, Lizette Alejandro Pena, at her mailing address of Paseos de la Ceiba, 182 Calle Arce D2, Juncos, PR 00777 on this 10th day of September, 2021.

*/s/ Noreen Wiscovitch-Rentas*
NOREEN WISCOVITCH-RENTAS
CHAPTER 7 TRUSTEE
PMB 136
400 Kalaf Street
San Juan, Puerto Rico 00918
Tel. (787) 946-0132
E-mail: noreen@nwr-law.com

8