*UNITED STATES BANKRUPTCY COURT*
*DISTRICT OF PUERTO RICO*

| | |
|---|---|
| *IN RE:* | |
| *LIZETTE ALEJANDRO PEÑA,* | *CASE NO. 21-00066 (ESL)* |
| *DEBTOR.* | *CHAPTER 13* |

*United States Trustee's Motion to Convert to Chapter 7*

TO THE HONORABLE COURT:

Mary Ida Townson, United States Trustee for Region 21, pursuant to the duties imposed by 28 U.S.C. § 586(a)(3), respectfully requests the conversion to chapter 7 of this case, under § 1307(c) of the Bankruptcy Code. In support of her request, the United States Trustee, by and through her undersigned counsel, respectfully states and prays as follows:

### I. Factual Background

1. On January 17, 2021, Debtor filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code. Debtor was represented by Attorney Lyssette Morales Vidal. (Docket No. 1).

2. Noreen Wiscovitch was appointed interim Trustee on January 18, 2021. (Docket No. 5).

3. On January 17, 2021, the Debtor filed an application to pay chapter 7 filing fees in installments. (Docket No. 2). There, Debtor stated that she was unable to pay the full filing fee at once. *Id.*

4. On January 19, 2021, the Court approved the payment of filing fees via installment. (Docket No. 7).

5. On January 17, 2021, Debtor filed her Schedules and Statement of Financial Affairs ("SOFA"). (Docket No. 1).

6. The Voluntary Petition was electronically signed by Attorney Lyssette Morales Vidal.

7. Attorney Lyssette Morales Vidal declared when signing the Voluntary Petition that:

> I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. §342(b) and, in a case which §707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect."

8. On January 17, 2021, Schedule A/B reflected that Debtor owned two realties, described as follows:

> 1.1 <u>Paseo de la Ceiba , D3 Calle Arce, Juncos, PR 00777</u>, with a current value of $135,000.00. Debtor stated that the purchase price was used as value and that she claimed the property as her homestead.
>
> 1.2 <u>Urb. Los Lirios A 10, Barrio Los Lirios, Juncos, PR</u>, with a current value of $60,000.00. Debtor further states: "Residential property unoccupied on 312 s/m lot w/3b/1b Ceiba PR. Recorded @ page 65, Vol 288 Juncos Lot 10,915 § 2 Caguas. In need of improvements." (the "<u>Los Lirios Property</u>").

(Docket No. 1, page 12 of 71)

9. Debtor stated on Schedule A/B that she was the sole owner of the two properties in fee simple.

10. Also on Schedule A/B, Debtor disclosed on Item 17 several deposit accounts and their values as of the petition date. (Docket No. 1, Page 14 of 71).

11. Under item 17.3 of Schedule A/B, the following account is identified: Checking Acct. #2671 BPPR Direct Deposit Salary. Checks in Transit #128 and #129. Debtor reported said account had a balance of $1,234.52. *Id.*

Case:21-00066-ESL13 Doc#:129 Filed:09/10/21 Entered:09/10/21 19:48:28 Desc: Main
Document Page 3 of 14

UNITED STATES TRUSTEE'S MOTION TO CONVERT TO CHAPTER 7
IN RE: LIZETTE ALEJANDRO PEÑA, CASE NO. 21-00066 (ESL)     Page 3 of 14

12. However, the real balance of said bank account was, as of the date of the Petition, $6,876.95. The checks mentioned by Debtor above, which amount to about $5,000, were only cleared *after* the date of the petition. The United States Trustee has no knowledge as to what these monies were spent on. *See* Docket No. 105-25.

13. On Schedule C, the Debtor claimed an exemption of $11,000 on the Los Lirios Property. (Docket No. 1, page 20 of 71).

14. The Debtor also claimed exempt $1,232.52 from Checking Acct #2671 under 11 U.S.C. § 522(d)(5). (Docket No. 1 Page 21 of 71).

15. On Item 2.2 of Schedule D, Debtor disclosed that CRIM had a secured claim of $8,113.29, encumbering the Los Lirios Property. (Docket No. 1, page 24 of 71).

16. Debtor also disclosed that USDA Rural Development had another secured claim of $27,155.00, over the Los Lirios Property. *Id.*

17. On Schedule I, Debtor reported receiving $3,427 in monthly gross wages, salaries and commissions, and listed her employment as an "Auxiliar Secretary" at "SIF." (Docket No. 1, p. 36 of 71).

18. Debtor did not list any net income from rental property and/or from operating a business. *Id.*

19. On Schedule J, Debtor did not report any payment made to the mortgage of the Los Lirios Property. (Docket No. 1, Pages 38 of 71).

20. Debtor signed all of the Schedules and Statement of Financial Affairs under penalty of perjury. (Docket No. 1 at pages 40 and 47).

21. On February 10, 2021, the chapter 7 trustee wrote to Attorney Morales requesting the payoff balances for both properties and the bank statements for January 2021 for all accounts. In addition, the keys to the Los Lirios Property were requested. Docket No. 105-29.

22. On February 11, 2021 at 2:58 am, Attorney Morales responded to the trustee that "Keys can be coordinated with your realtor & me at my office we can touch bases w/ your realtor". Docket No. 105-30.

23. On February 11, 2021, at 9:45 am the Initial 341 Meeting of Creditors was held. Both Attorney Lyssette Morales and the Debtor attended via telephone.

24. The Debtor's testimony at the 341 Meeting of Creditors was taken under oath.

25. The Debtor indicated that there were no amendments made to the Bankruptcy Documents, that she had reviewed the bankruptcy documents prepared by Attorney Morales and that they were complete and that no further changes were to be made.

26. The Debtor testified that the Los Lirios Property was unoccupied and that she had the key.

27. She also testified that the Los Lirios Property did not have a mortgage.

28. The Debtor further testified that she was the only owner of the said property.

29. The Trustee asked the Debtor about the mortgage reflected in the title search in the amount of $50,910.00 and if the Debtor had paid it off. Debtor answered that she could not precise the amount.

30. Attorney Morales intervened and stated: "Apparently it has not been canceled, we are not sure if its one of those incentives that they give to purchase". She further states: "but she understands that... that is paid, true Mrs."? To which the Debtor answers: "Correct".

31. Trustee Wiscovitch requested the keys to the realty.

32. The Trustee asked the Debtor if someone was currently assisting her with her expenses. Debtor answered no.

33. The 341 Meeting of Creditors was continued to March 3, 2021 at 9:00 a.m.

34. On February 11, 2021, after the Meeting of Creditors was held, a First Amended Schedule A/B, C, and D was filed by Debtor. (Docket No. 13).

Case:21-00066-ESL13 Doc#:129 Filed:09/10/21 Entered:09/10/21 19:48:28 Desc: Main
Document Page 5 of 14

*United States Trustee's Motion to Convert to Chapter 7*
*In Re: Lizette Alejandro Peña, Case No. 21-00066 (ESL)* Page 5 of 14

35. The Amended Schedule A/B, changed item 1.2 Urb. Los Lirios Property as to the following additional note: "Net equity will be virtually consumed w/trustee commission, closing costs & fees, Realtor %, etc. as per LV Analysis attached herein." (Docket No. 13, p. 3 of 18).

36. The Amended Schedule A/B, changed item 17.3, Checking Account #2671 to now state: "BPPR direct deposit Salary. Checks in transit #128 and #129 & other transactions in transit at petition date have been reduced to reach true balance as of petition date $1,184.57". (Docket No. 13, p. 5 of 18).

37. Amended Schedule C changed the claim exemption over Checking Account No. 2671 to $1,184.57. (Docket No. 13, p. 13 of 18).

38. On February 11, 2021, Attorney Morales advised Trustee Wiscovitch that the keys to the Los Lirios Property would be available the next day and that the realtor could contact her to take him to the property. Further, that she had requested the payoff for USDA and that she had "mistakenly" represented that the Los Lirios Property did not have a mortgage. That she was "confused" as was her client. Docket No. 105-31.

39. On February 12, 2021, the Trustee filed an application to employ Realtor, Mario Muñiz to market the Los Lirios Property. (Docket No. 15).

40. On February 12, 2021, Realtor Muniz visited the Los Lirios Property. Neither Debtor nor Attorney Morales had provided the keys. To his surprise, the Realtor found that the premises were occupied and that the occupants did not know the Debtor. Docket No. 105-32.

41. On February 19, 2021, the Debtor filed a Second Amended Schedule A/B, Amended Schedule I, Statement of Financial Affairs, and Means Test. (Docket No. 17).

42. On the Amended Schedule I Debtor disclosed, for the first time, an additional monthly income of $450.00 from "Rent for payment mortgage after moratorium expires" $450.00. (Docket No. 17, Page 12 of 29, Line 8h).

Case:21-00066-ESL13 Doc#:129 Filed:09/10/21 Entered:09/10/21 19:48:28 Desc: Main
Document Page 6 of 14

*UNITED STATES TRUSTEE'S MOTION TO CONVERT TO CHAPTER 7*
*IN RE: LIZETTE ALEJANDRO PEÑA, CASE NO. 21-00066 (ESL)* Page 6 of 14

43. The Amended Schedule J, however, did not reflect any mortgage payment for the Los Lirios Property. (Docket No. 17, Pages 13 and 14).

44. Debtor also amended the SOFA, Question No. 5, to reflect the following previously undisclosed income: "From January 1 of current year until the date you filed for bankruptcy: 'Rent' -- $450.00; For last calendar year (January 1 to December 31, 2020): 'Rent to pay Mortgage' -- $1,350 and 'Rent' -- $4,050; and for the calendar year before that (January 1 to December 31, 2019) 'Rent to Pay Mortgage' -- $1,800.00." (Docket No. 17, Pages 17 of 39).

45. On March 1, 2021, Trustee Wiscovitch requested for Attorney Morales to respond to her email of February 13, 2021 and to turnover the keys. Docket No. 105-33.

46. On March 1, 2021, and upon the request of the Trustee to receive a response to the email sent on February 13, 2021, Attorney Morales responded that she provided "via text" to the realtor the telephone number of the renter to coordinate and that she had a check for post-petition rents in her office. She added that the keys were not available and that the property was not vacated as the debtor erroneously stated (under oath) at the 341 meeting of creditors. According to Attorney Morales, Debtor was "confused". Docket No. 105-34.

47. On March 2, 2021, Trustee Wiscovitch responded that it was Debtor's responsibility to turnover property of the Bankruptcy Estate. Further, there was no confusion at the 341 Meeting when the Debtor testified that the property was vacant. Trustee Wiscovitch reiterated her request for the turnover of rents. Docket No. 105-36.

48. The Continued 341 Meeting of Creditors was called as scheduled at 9:00 am on March 3, 2021. Neither Debtor nor attorney Morales Appeared. The 341 meeting was thus continued Sine Die. (Docket No. 22).

49. On March 2, 2021, Trustee Wiscovitch filed a *Notice of Assets and Request for Claims Bar Date*. (Docket No. 18).

Case:21-00066-ESL13 Doc#:129 Filed:09/10/21 Entered:09/10/21 19:48:28 Desc: Main
Document Page 7 of 14

*UNITED STATES TRUSTEE'S MOTION TO CONVERT TO CHAPTER 7*
*IN RE: LIZETTE ALEJANDRO PEÑA, CASE NO. 21-00066 (ESL)* Page 7 of 14

50. On March 3, 2021, at 10:41 am, Attorney Morales filed a "Request for Leave to Withdraw as Attorney for Debtor". (Docket No. 19).

51. On March 12, 2021, Attorney Jesus Batista entered a notice of appearance on behalf of Debtor.

52. On March 15, 2021, Trustee Wiscovitch filed a Motion for Disgorgement of Fees against Attorney Morales. (Docket No. 28).

53. On June 2, 2021, the Court granted Attorney Morales request to withdraw and retains jurisdiction to adjudicate the Disgorgement Motion. (Docket No. 55).

54. On June 8, 2021, the Court ordered an evidentiary hearing on Trustee Wiscovitch's Motion for disgorgement of fees. Docket No. 59.

55. On June 28, 2021, Debtor filed a *Motion to Inform and Request for Extension of Time*, stating that she "is evaluating her alternatives with respect to how to proceed with the case at bar," and that she would inform the Court of her intentions on or before July 12, 2021. (Docket No. 63). However, Debtor did not file any such motion by the July 12, 2021 deadline.

56. On June 30, 2021, Trustee Wiscovitch filed a *Notice of continuance of 341 meeting for Thursday, July 22, 2021, at 2:00 p.m.* (Docket No. 65).

57. On July 22, 2021, approximately 30 minutes before the meeting of creditors was scheduled to begin, Debtor filed a *Motion to Convert Case from Chapter 7 to Chapter 13.* (Docket No. 71). There, Debtor once again contradicted her prior statement on the Amended Schedules, that she received $450 in monthly rents from the Los Lirios Property. Debtor now claimed that those monies should not be considered to be "rents," because although the Los Lirios Property *is* being rented out, the person receiving the rental payments is her ex-partner, Mr. Hector Lozada, with whom she claims to have an arrangement allowing for him to manage the Los Lirios Property and collect rent from the tenants there. In an attempt to maneuver around her prior false statements, Debtor states that she has "not -ever" received any income

Case:21-00066-ESL13 Doc#:129 Filed:09/10/21 Entered:09/10/21 19:48:28 Desc: Main
Document Page 8 of 14

UNITED STATES TRUSTEE'S MOTION TO CONVERT TO CHAPTER 7
IN RE: LIZETTE ALEJANDRO PEÑA, CASE NO. 21-00066 (ESL) Page 8 of 14

pursuant to the Lease Agreement that was attached as Exhibit B. But said lease agreement falsely states that Mr. Lozada is the owner in fee simple of the Los Lirios Property, so it is unclear what legal authority Mr. Lozada had to subscribe to such agreement. (Docket No. 71-2).

58. Debtor went on to state that she is proposing to pay $400 per month to creditors in chapter 13, and that, within 14 days of the Court granting the motion for conversion, she would move to terminate the Lease Agreement between Mr. Lozada and the tenant, to replace said agreement with another one under her name. Finally, Debtor stated that on even date (July 22, 2021) she would move the Court to deposit the post-petition income which she has received from Mr. Lozada with the Registry of the Court.

59. As of today, however, Debtor has failed to fulfill any of her promises.

60. On July 22, 2021, the second 341 Meeting of Creditors was held. There, Debtor testified that she did not know how much rent the Los Lirios Property had generated since the filing of the petition, even though she received the rent payments from Mr. Lozada through ATH Movil. Debtor also testified that she did not have a written agreement with Mr. Lozada for the management of the Los Lirios Property.

61. When Debtor was asked why she had testified in the previous meeting of creditors that the Los Lirios Property was uninhabited, she answered that she had trouble remembering things. She also said she had not visited the property in the last two years, and did not know anything about it. Further, she stated that she did not know whether she had the key to the property, contradicting her testimony at the previous meeting that said key was in her possession. Later in the meeting, she stated that Mr. Lozada had the key.

62. Lastly, Debtor stated that she would provide her attorney with several money orders, so that he may consign the post-petition rents with the Court. She testified that since the petition was filed, Mr. Lozada had been paying her the $450/monthly from the rent of

Case:21-00066-ESL13 Doc#:129 Filed:09/10/21 Entered:09/10/21 19:48:28 Desc: Main
Document Page 9 of 14

*United States Trustee's Motion to Convert to Chapter 7*
*In Re: Lizette Alejandro Peña, Case No. 21-00066 (ESL)* Page 9 of 14

the property, and that she had not been paying the mortgage of the property since March (unclear whether 2020 or 2021).

63. On July 23, 2021, the Court granted the Conversion of the case to Chapter 13. (Dockets No. 73-74).

64. On July 27, 2021, the Court granted the Chapter 7 trustee 30 days to move the Court to vacate the order of conversion. (Docket No. 81). The deadline was further extended until today, September 10, 2021. (Docket No. 116).

65. At the time of the Petition, the Value of the Los Lirios Property was between $70,500.00 to $125,000.00. *See* Docket No. 70, p. 13, Docket No. 105-28.

66. The Debtor had been receiving via ATH Movil $450.00 from a person named Hector on a monthly basis for "house improvements" from at least July 2020 to December 2020. See Docket No. 105-25.

67. As of today, neither Debtor nor her two bankruptcy attorneys have provided Trustee Wiscovitch with the post-petition rent monies generated by the Los Lirios Property. Neither have they consigned said monies with the Court. Attorney Morales never sent the rent funds for January and February 2021 to the Trustee, which were in her possession on February 2021. The post-petition rents for the Los Lirios Property are property of the Bankruptcy Estate.

68. Debtor also never provided Trustee Wiscovitch with the keys to the Los Lirios Property.

## II. Grounds for Conversion to Chapter 7

1. Section 1307(c) of the Bankruptcy Code states that, on request of a party in interest or the United States Trustee, and after notice and a hearing, "the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause. . ." The

provision goes on to list several examples of cause, such as "unreasonable delay by the debtor that is prejudicial to creditors." 11 U.S.C. § 1307(c).

2. "Although lack of good faith is not specifically enumerated as "cause," it is well established that lack of good faith (or bad faith) is 'cause' for dismissal or conversion of a Chapter 13 case under § 1307(c)." In re Cabral, 285 B.R. 563, 572 (B.A.P. 1st Cir. 2002); see also In re Zizza, 500 B.R. 288, 293 (B.A.P. 1st Cir. 2013).

3. The Debtor must demonstrate good faith during two separate stages of a chapter 13 case. First, when filing the petition, and second, when filing the plan. Courts favor a "totality of the circumstances" analysis when determining whether debtor has good faith. In re Cabral, 285 B.R. at 572.

4. In applying the totality of the circumstances test, courts have considered the following factors: (1) the debtor's accuracy in stating her debts and expenses, (2) *the debtor's honesty in the bankruptcy process, including whether she has attempted to mislead the court and whether she has made any misrepresentations*, (3) whether the Bankruptcy Code is being unfairly manipulated, (4) the type of debt sought to be discharged, (5) whether the debt would be dischargeable in a Chapter 7, (6) *the debtor's motivation and sincerity in seeking Chapter 13 relief*; (7) the debtors history of filings and dismissals; and (8) whether egregious behavior is present. See In re González-Ruiz, 341 B.R. 371, 383 (B.A.P. 1st Cir 2006); In re Cabral, 285 B.R. at 563, 573; In re Dicey, 312 B.R. 456, 459 (Bankr. D.N.H. 2004); In re Virden, 279 B.R. 401, 408 (Bankr. D. Mass. 2002).

5. This Court has held that a finding of bad faith does not require fraudulent intent by the Debtor. *In re Márquez*, No. 10-03882, 2011 WL 4543226, at *12 (Bankr. D.P.R. Sept. 28, 2011)(citing *In re Sullivan*, 326 B.R. 204, 212 (1st Cir. B.A.P. 2005)). "Neither malice nor actual fraud is required to find a lack of good faith." *Id.* The Court "is not required to have evidence of debtor ill will directed at creditors, or that debtor was affirmatively attempting to violate the law-malfeasance is not a prerequisite to bad faith." *Id.*

Case:21-00066-ESL13 Doc#:129 Filed:09/10/21 Entered:09/10/21 19:48:28 Desc: Main
Document Page 11 of 14

*UNITED STATES TRUSTEE'S MOTION TO CONVERT TO CHAPTER 7*
*IN RE: LIZETTE ALEJANDRO PEÑA, CASE NO. 21-00066 (ESL)* Page 11 of 14

6. In this case, Debtor falsely stated at the meeting of creditors that the Los Lirios Property was uninhabited and that she had the keys to the property. On her original Schedule A/B, Debtor only listed the property with a value of $60,000, and even included a liquidation analysis that stated that the property only had a liquidation value of $4,420. On her Amended Schedule A/B, Debtor stated that "Net equity will be virtually consumed w/ Trustee commission, closing costs & fees, Realtor %, etc." Debtor clearly attempted to entice the Trustee to abandon the property, so that she could continue to receive the rents it produced.

7. The Court should also discredit Debtor's testimony at the second meeting of creditors to the effect that she did not know anything about the property. The Debtor's ATH Movil records show that she had several payments of $450 from Hector for "Rembolso Arreglo Casa" in the months leading up to the petition. And, even if these payments are not to be considered rents, as Debtor argued in her motion for conversion, the fact remains that she did not disclose this source of income on her original Schedule I, which she signed under penalty of perjury, and confirmed was true and correct at the first meeting of creditors.

8. This Court in In re López Llanos, 578 B.R. 700, 708 (Bankr. D.P.R. 2017), stated the following:

> There is no "Oops" defense to the concealment of assets. Marrama v. Citizens Bank of Massachusetts, 549 U.S. at 370, 127 S.Ct. 1105. When a debtor files his Schedules, he does so under the equivalent of an oath." *In re Crawford*, 841 F.3d 1, 7 (1st Cir. 2016). Debtors have an absolute duty to report whatever interests they hold in property, even if they believe their assets are worthless or are unavailable to the bankruptcy estate. *In re Wood*, 291 B.R. 219, 226 (1st Cir. BAP 2003). The duty to disclose is continuous throughout the pendency of the bankruptcy case.

(Collecting cases)(Internal quotations and brackets removed).

9. Although Debtor amended Schedule I to include the missing income, she only did so "when the cat was out of the bag." See López Llanos, 578 B.R. at 709 ("But in the totality of the circumstances, the amendment does not cure the Debtor's prior concealment");

Case:21-00066-ESL13 Doc#:129 Filed:09/10/21 Entered:09/10/21 19:48:28 Desc: Main
Document Page 12 of 14

*UNITED STATES TRUSTEE'S MOTION TO CONVERT TO CHAPTER 7*
*IN RE: LIZETTE ALEJANDRO PEÑA, CASE NO. 21-00066 (ESL)* Page 12 of 14

and In re Storozhenko, 487 B.R. 457, 466 (Bankr. E.D. Mich. 2012) ("Debtor's filing of her amended Schedule B, in which she disclosed the additional $5,470 in cash for the first time, was tantamount to an admission by [Debtor] of the falsity of her original Schedule B.").

10. In addition, this case was filed almost eight months ago, on January 17, 2021 and was converted to chapter 13 on July 23, 2021. During the approximately six months Debtor was under chapter 7, she and her attorney repeatedly ignored Trustee Wiscovitch's requests for the turnover of the rents and the keys to the properties. Instead, she provided false, vague and ambivalent testimony as to the property and her arrangement with Mr. Lozada, as well as to the status of the secured claims that encumbered the property. As of today, she has not consigned the post-petition rents with the Court, and the United States Trustee does not know the actual amount of these rents, which comprise property of the estate.

11. Also, Debtor misrepresented to the Court that she was unable to pay the full amount of the filing fees. Debtor's bank account statement for account ending in 2671 reflects that, as of the petition date, she had a balance of $6,877, more than enough to pay the filing fees. Debtor, however, made two checks, numbered 128 and 129, for $3,412 and $1,595, respectively, which were cleared on January 19, 2021, that is post-petition. The United States Trustee is unaware of the purpose of these payments. Thus, it is troubling that, two days after the petition, Debtor's bank account balance was reduced by $5,000, with no explanation from her.

12. In Marrama v. Citizens Bank of Massachusetts, the Supreme Court stated that bankruptcy courts "routinely treat dismissal for prepetition bad-faith conduct as implicitly authorized by the words 'for cause.'" 549 U.S. 365, 373-374 (2007). Therefore, the Court may consider the fact that Debtor made two checks for approximately $5,000 around the petition date, as grounds for conversion in this case.

Case:21-00066-ESL13 Doc#:129 Filed:09/10/21 Entered:09/10/21 19:48:28 Desc: Main
Document Page 13 of 14

*UNITED STATES TRUSTEE'S MOTION TO CONVERT TO CHAPTER 7*
*IN RE: LIZETTE ALEJANDRO PEÑA, CASE NO. 21-00066 (ESL)* Page 13 of 14

13. Based on the above, the United States Trustee's submits that Debtor lacks the requisite good faith to proceed under chapter 13. The Court should reconsider its order granting conversion of the case to chapter 13, and order the reconversion of the case to chapter 7.

**WHEREFORE**, the United States Trustee respectfully requests that this Honorable Court find that the Debtor is ineligible to proceed under chapter 13 because she lacks good faith, and accordingly order the reconversion of the case to chapter 7.

The statement required under PR LBR 9013-1(c)(3) is attached as exhibit A.

NOTICE
WITHIN THIRTY (30) DAYS AFTER SERVICE AS EVIDENCED BY THE CERTIFICATE OF SERVICE BELOW, AND AN ADDITIONAL THREE (3) DAYS PURSUANT TO FED. R. BANK. P. 9006(f) IF YOU WERE SERVED BY MAIL, ANY PARTY AGAINST WHOM THIS PAPER HAS BEEN SERVED, OR ANY OTHER PARTY TO THE ACTION WHO OBJECTS TO THE RELIEF SOUGHT HEREIN, SHALL SERVE AND FILE AN OBJECTION OR OTHER APPROPRIATE RESPONSE TO THIS PAPER WITH THE CLERK'S OFFICE OF THE U.S. BANKRUPTCY COURT FOR THE DISTRICT OF PUERTO RICO. IF NO OBJECTION OR OTHER RESPONSE IS FILED WITHIN THE TIME ALLOWED HEREIN, THE PAPER WILL BE DEEMED UNOPPOSED AND MAY BE GRANTED UNLESS: (I) THE REQUESTED RELIEF IS FORBIDDEN BY LAW; (ii) THE REQUESTED RELIEF IS AGAINST PUBLIC POLICY; OR (iii) IN THE OPINION OF THE COURT, THE INTEREST OF JUSTICE REQUIRES OTHERWISE.

### CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that on this day I electronically filed a true and exact copy of the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all CM/ECF participants. I also certify that the Debtor and all creditors and parties listed in the mailing matrix for this case have been notified by U.S. mail through the certificateofservice.com website.

**DATED September 10, 2021**

                                                   MARY IDA TOWNSON
                                                   United States Trustee

                                                 MONSITA LECAROZ ARRIBAS
                                                 Assistant United States Trustee

Case:21-00066-ESL13 Doc#:129 Filed:09/10/21 Entered:09/10/21 19:48:28 Desc: Main
Document Page 14 of 14

*UNITED STATES TRUSTEE'S MOTION TO CONVERT TO CHAPTER 7*
*IN RE: LIZETTE ALEJANDRO PEÑA, CASE NO. 21-00066 (ESL)* Page 14 of 14

U.S. DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
Edificio Ochoa
500 Tanca Street, Suite 301
San Juan, Puerto Rico 00901-1922
Tel.: (787) 729-7444
Fax: (787) 729-7449

By: s/ Julio Guzmán-Carcache
Julio Guzmán-Carcache
Trial Attorney
USDC-PR No. 230104
Julio.Guzmán@usdoj.gov
