## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>LIZETTE ALEJANDRO PEÑA,<br><br>DEBTOR. | CASE NO. 21-00066 (ESL)<br><br>CHAPTER 13 |

### *United States Trustee's Position as to Trustee's Standing to Prosecute Motion for Disgorgement*

TO THE HONORABLE COURT:

Mary Ida Townson, United States Trustee for Region 21, by and through her undersigned counsel, respectfully states and prays as follows:

1. On March 15, 2021, while this case was pending under chapter 7, the chapter 7 trustee, Noreen Wiscovitch Rentas, Esq., ("Trustee Wiscovitch") filed a *Motion for Disgorgement of Attorney's Fees and to Retain Jurisdiction.* (Docket No. 28). There, Trustee Wiscovitch requested that Debtor's former attorney, Ms. Lyssette A. Morales Vidal ("Attorney Morales"), be required to disgorge her attorney's fees in the amount of $1,950, based on her failure to include Debtor's rental income and lease agreement on her schedules, as well as Attorney Morales' failure to turn over the keys and post-petition rents of the rental property. (Docket No. 28).

2. Trustee Wiscovitch also noted that, on Attorney Morales' Rule 2016(b) Statement, Attorney Morales stated that she had agreed to receive $1,950 in legal fees post-petition, while on the Statement of Financial Affairs Debtor had disclosed paying Attorney Morales these fees two days before the petition was filed. *Id.*

3. On March 29, 2021, Attorney Morales filed a *Motion for Leave to Amend Rule 2016 Statement & Request Extension of Time to Further Address doc #28.* (Docket No. 32). Attorney Morales stated that the Rule 2016 form she used "was filed inadvertently and the

information contained therein was also in error." Attorney Morales blamed "the software" for the error and informed she "inadvertently" did not substitute the correct form.

4. Attorney Morales further stated that she received her fees in several installments: (1) a check for $1,000 "which was paid to counsel on January 14, 2021;" (2) an ATH Movil transfer of $500 on January 11 [2021] and (3) an ATH Movil transfer of $500 on January 15, 2021. She also stated that a $50 payment to the Court to pay the filing fees in installments had been deducted from these amounts, which yielded a total compensation of $1,950.

5. On April 20, 2021, Attorney Morales filed her *Response to Trustee's Motion Requesting Disgorgement of Fees*, again stating that the inconsistency in the Rule 2016(b) Statement was "due to a clerical and involuntary error," and reiterating that Debtor paid all her legal fees prepetition. (Docket No. 44).

6. On May 28, 2021, Trustee Wiscovitch filed a *Reply* to Attorney Morales' Opposition, making the following arguments: (1) Attorney Morales failed to rebut the Trustee's allegations that she failed to ensure that Debtor's schedules were correct, namely by failing to include the rents Debtor was receiving from one of her real properties and the associated lease; (2) Attorney Morales failed to satisfactorily explain why she did not turnover said rents to Trustee Wiscovitch, or the keys of the property to her realtor; (3) Attorney Morales also failed to explain why she filed an application to pay filing fees in installments, when Debtor had the funds to pay these fees in full, as well as Attorney Morales' $1,950 fee; and (4) the bank records that were attached to Attorney Morales's opposition reflect that the second ATH Movil payment of $500 was dated January 19, 2021, that is two days after the petition was filed, and not prepetition, as she claimed. (Docket No. 54).

7. Trustee Wiscovitch went on to request that Attorney Morales be required to disgorge "not only the $500 received post-Petition, but also the $1,500 received pre-petition."

The Trustee also requested that the Court retain jurisdiction over counsel for Debtor "until this motion is determined."

8.  On June 2, 2021, the Court granted Attorney Morales' request to withdraw from the case, but retained jurisdiction to determine Trustee Wiscovitch's Motion for Disgorgement of Fees.  (Docket No. 55).

9.  The Court thus scheduled an evidentiary hearing to consider the Trustee's motion for September 1, 2021.

10. On July 22, 2021, however, the Debtor filed a request for conversion of the case to chapter 13.  (Docket No. 71).

11. The Court converted the case on July 23, 2021.  (Docket No. 75).

12. At the hearing on the disgorgement motion held on September 1, 2021, the Court raised the issue of whether Trustee Wiscovitch had standing to request disgorgement, given that the case had been converted to chapter 13.  The Court cited several cases that shed light on the issue and ordered Trustee Wiscovitch to file a legal memorandum in support of her position of having standing.  (Docket No. 123).  The United States Trustee was also granted until today to submit her position on the issue.  (Docket No. 144).

13. On September 21, 2021, Trustee Wiscovitch filed her Memorandum of Law, where she discussed the case law cited by the Court, and made several arguments.  First, the Trustee argued that, unlike most of the cases cited by the Court, she was not bringing an action to increment the funds of the Bankruptcy estate, but rather to bring to the attention of the Court the pre and post-petition actions of Attorney Morales, which she claimed affected the integrity of the bankruptcy process.  Trustee Wiscovitch contends that conversion to chapter 13 does not divest the Court from jurisdiction to oversee the conduct of the attorneys that appear before it.  She further argues that the disgorgement motion stems more from her obligation as an officer of the Court to report any unethical conduct by attorneys rather than any effort to obtain a monetary reward for herself.  The Court, according to the Trustee, could

choose to impose sanctions payable to the Court or to the Estate under its inherent powers under § 105, instead of ordering a disgorgement under § 329, if it were to find that she lacked standing.

14. In compliance with the Court's order at docket no. 123, the United States Trustee submits her position on the issue of standing.

### United States Trustee's Position

15. Federal Rule of Bankruptcy Procedure 2017(a) provides as follows:

(a) Payment or transfer to attorney before order for relief

> On motion by any party in interest or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property by the debtor, made directly or indirectly and in contemplation of the filing of a petition under the Code by or against the debtor or before entry of the order for relief in an involuntary case, to an attorney for services rendered or to be rendered is excessive.

16. Section 348(e) of the Bankruptcy Code states that the service of a chapter 7 trustee is terminated upon conversion of the case under § 706. 11 U.S.C. § 348(e). Thus, the issue is whether a former chapter 7 trustee may still be considered to be a "party in interest" with standing to prosecute a disgorgement motion, following conversion to chapter 13.

17. Several courts have held that, although conversion ends the chapter 7 trustee's authority to act as a fiduciary in the case, it does not necessarily end the trustee's participation in the case. For example, in the case of *In re Czykoski*, 320 B.R. 385 (Bankr. D. Ind. 2005), the chapter 7 trustee filed a motion for dismissal of the case. The debtors then filed a motion to convert the case to chapter 13, which the court granted before the hearing on dismissal was set to take place. The debtors did not appear at the hearing, believing that conversion had mooted the chapter 7 trustee's motion to dismiss. The court, however, dismissed the case based on debtor's non-appearance, and the debtors then moved for

Case:21-00066-ESL13 Doc#:158 Filed:10/15/21 Entered:10/15/21 22:02:59 Desc: Main
Document Page 5 of 9

UNITED STATES TRUSTEE'S POSITION AS TO TRUSTEE'S STANDING
IN RE: LIZETTE ALEJANDRO PEÑA, CASE NO. 21-00066 (ESL) Page 5 of 9

reconsideration, arguing that the chapter 7 trustee did not have standing to prosecute the motion to dismiss once the case had been converted.

18. The court rejected debtors' argument, and reasoned that conversion from one chapter to another "does not end the case and begin a new one." *Id.* at 389-90. Conversion, the court stated, "did not erase the significance of the debtors' prior conduct[;] their actions prior to conversion remained relevant to the continued progress of their case." *Id.*

19. As to debtors' arguments under § 348(e), the court determined that said section should be read in light of its purpose, "which is to prevent two trustees from administering the same estate." *Id* at 390. Following conversion, the former chapter 7 trustees and their attorneys may be claimants in the chapter 13 case, and may assert their rights as creditors instead of as former chapter 7 trustees. Thus, "although former chapter 7 trustees can no longer exercise the powers which are given to trustees by [the] Bankruptcy Code, they may exercise the rights which are given to any other creditor of the estate." The court thus held the chapter 7 trustee had standing to prosecute the motion to dismiss, which was also joined by the United States Trustee, and declined to reconsider the dismissal order. *See also In re Barnes*, 275 B.R. 889 (Bankr. E.D. Ca. 2002)(Following conversion to chapter 13, former chapter 7 trustee was party in interest with standing to object to confirmation, exemptions and to move the court to convert the case, where trustee was an administrative expense claimant.)

20. Accordingly, *Czykoski* stands for the proposition that a chapter 7 trustee could have standing in a converted case, if the trustee "may assert" her right as a creditor. In this case, Trustee Wiscovitch claims that she "could request the allowance of an administrative claim for costs, which would provide for standing during the pendency of the Chapter 13 proceedings." (Docket No. 137 at p. 6). Thus, the United States Trustee submits the chapter 7 trustee should be given the opportunity to demonstrate whether she has claim in the case, before the Court adjudicates her standing.

Case:21-00066-ESL13 Doc#:158 Filed:10/15/21 Entered:10/15/21 22:02:59 Desc: Main
Document Page 6 of 9

UNITED STATES TRUSTEE'S POSITION AS TO TRUSTEE'S STANDING
IN RE: LIZETTE ALEJANDRO PEÑA, CASE NO. 21-00066 (ESL) Page 6 of 9

21. The United States Trustee notes that, in *In re Kasperek*, 399 B.R. 591 (Bankr. W.D.N.Y. 2009), the chapter 7 trustee filed two motions for disgorgement against debtors attorney, after he failed to provide complete legal representation to the debtors, unless they paid him additional fees. Although the court found that the attorney's fees were not excessive and that he had ultimately provided all of the required services, the court nevertheless determined that the trustee's motion "served as a mechanism to enforce the obligations of counsel for the debtor" and that "equity demanded that [counsel] now reimburse the trustee for the cost and expense that the trustee was unnecessarily compelled to incur." *Id.* at 595. The court thus ordered counsel to reimburse $500 to the trustee, for having brought the disgorgement motions.

22. The United States Trustee does not express a position as to whether the Trustee in this case may have a claim against the estate pursuant to the cases cited above, but does reserve her right to file any such position in the future, if appropriate.

23. Further, if the Court ultimately determines that Trustee Wiscovitch lacks standing, the United States Trustee agrees with her argument that the Court may entertain the matter sua sponte pursuant to its inherent authority to oversee the conduct of the attorneys that appear before it. The Court may use its authority under Rule 2017, which states that the Court "*on its own initiative*" may examine payments to an attorney that may be considered excessive. The Court may also rely on § 105(a), which permits it to take any action necessary or appropriate to enforce or implement its own orders or rules, or to prevent an abuse of process, in imposing whatever sanction it deems appropriate against Attorney Morales.

24. In the case of *In re Big Rivers Elec. Corp.*, 355 F.3d 415, 442 (6th Cir. 2004), a bankruptcy examiner asserted that neither the United States Trustee, a government creditor, nor a chapter 11 debtor-public utility had standing to seek a disgorgement of his fees for his alleged misconduct in the case. The Sixth Circuit held that, even if all of those parties lacked

Case:21-00066-ESL13 Doc#:158 Filed:10/15/21 Entered:10/15/21 22:02:59 Desc: Main
Document Page 7 of 9

UNITED STATES TRUSTEE'S POSITION AS TO TRUSTEE'S STANDING
IN RE: LIZETTE ALEJANDRO PEÑA, CASE NO. 21-00066 (ESL) Page 7 of 9

standing, the district court had standing to raise the issue on its own. The Court determined that § 105(a) provided ample authority because it read: "No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to ... prevent an abuse of process." *Id.*

25. "Courts may thus regulate who may appear before them, may sanction attorneys or their clients for abuse of process and other harms." *In re Roman*, 574 B.R. 430, 439 (Bankr. D.P.R. 2017) (citing 2 Collier on Bankruptcy ¶ 105.02[6][b](16th ed. 2016)). Section 105(a) "empowers the Court to sanction a party where the sanction is "demonstrably necessary to preserve a right elsewhere provided in the Code." *Id.* Here, the Trustee has alleged that Debtor and Attorney Morales failed to cooperate with her administration of the case, by among other things, failing to disclose the Debtor's lease agreement and rents on the schedules, and failing to turnover the rents and keys to the property. Under § 521(a)(3), a debtor must cooperate with the trustee "as necessary to enable the trustee to perform the trustee's duties under this title." Under § 521(a)(4), the Debtor also had to "surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate. . ." Clearly, that did not happen in this case, and as discussed above, conversion of the case to another chapter did not serve to erase the Debtor and Attorney Morales' conduct pre-conversion.

26. The Court also ordered the parties to brief whether Trustee Wiscovitch had standing to request a disgorgement pre-conversion. Because Trustee Wiscovitch was the appointed chapter 7 trustee, she had the duty to "collect and reduce to money the property of the estate. . ." 11 U.S.C. § 704(a)(1). In *In re Dean*, 401 B.R. 917 (Bankr. D. Idaho 2008), the chapter 7 trustee filed a motion to disgorge against Debtor's attorney. At the hearing, Debtor's counsel questioned the trustee's standing to prosecute the motion to disgorge under § 329(b), by arguing that it was "not his job" to challenge the attorney's advice. *Id.* 922 n. 7.

The Court rejected the argument, and stated that the trustee was a "party in interest" entitled to request disgorgement under Rule 2017(a). The Court stated that "because debtors are frequently unable, or can not afford, to pursue such a motion, the Court commends Trustee for his initiative."

27. The United States Trustee notes that it was the chapter 7 trustee, who filed the motion to disgorge in *In re Kasperek*, 399 B.R. 591 (Bankr. W.D.N.Y. 2009). *See also In re Concha*, 2016 WL 6068807 (B.A.P. 9th Cir. Oct. 4, 2016)(Chapter 7 trustee filed a complaint to disgorge fees against unlicensed petition preparer); *In re Gonzales*, 2013 WL 375425, (Bankr. N.D. Cal. Jan. 29, 2013)(chapter 7 trustee filed motion for disgorgement against Debtor's counsel); and *In re Jensen*, 2015 WL 1019557 (B.A.P. 9th Cir. March 10, 2015)(chapter 7 trustee filed a motion under Rule 2017(a) against Debtor's previous chapter 11, adversary proceeding, counsel). Thus, several courts have entertained motions for disgorgement of fees filed by chapter 7 trustees in chapter 7 cases.

28. <u>Conclusion</u>. In light of the foregoing, it appears that § 348(e) terminates the ability of a chapter 7 trustee to act as a fiduciary in the case, but not necessarily as a creditor or "party in interest" in the case. The United States Trustee currently expresses no position as to whether the Trustee may have a claim in the case, but believes the Trustee, following conversion of the case, should be afforded an opportunity to so demonstrate if she wishes.[1] But, in any event, the United States Trustee agrees with the Trustee that the Court may entertain the matter on its own accord through either Rule 2017(a) or § 105(a).

29. Lastly, both the United States Trustee and Trustee Wiscovitch have moved for the case to be reconverted to chapter 7, based on Debtor's bad faith. If the case is reconverted, there would be no dispute that the chapter 7 trustee would have standing to prosecute the disgorgement motion. Thus, the Court may decide to hold in abeyance the

---

[1] The United States Trustee reserves the right to file any such position on the matter in the future.

Case:21-00066-ESL13 Doc#:158 Filed:10/15/21 Entered:10/15/21 22:02:59 Desc: Main
Document Page 9 of 9

*UNITED STATES TRUSTEE'S POSITION AS TO TRUSTEE'S STANDING*
*IN RE: LIZETTE ALEJANDRO PEÑA, CASE NO. 21-00066 (ESL)* Page 9 of 9

disgorgement motion altogether until it resolves whether the case should be converted to chapter 7.

**WHEREFORE**, the United States Trustee requests that the Court deem her in compliance with the order entered at docket no. 123, and take notice of her position, and issue any further relief as it may deem appropriate.

### CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that on this day I electronically filed a true and exact copy of the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to all CM/ECF participants.

**DATED October 15, 2021**

MARY IDA TOWNSON
United States Trustee

MONSITA LECAROZ ARRIBAS
Assistant United States Trustee

U.S. DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
Edificio Ochoa
500 Tanca Street, Suite 301
San Juan, Puerto Rico 00901-1922
Tel.: (787) 729-7444
Fax: (787) 729-7449

By:  s/ Julio Guzmán-Carcache
Julio Guzmán-Carcache
Trial Attorney
USDC-PR No. 230104
Julio.Guzmán@usdoj.gov
