IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO.: 21-00066 (ESL) |
| LIZETTE ALEJANDRO PEÑA | |
| DEBTOR | CHAPTER 13 |

**MOTION TO SET ASIDE ORDER AND SUBMITTING MEMORANDUM OF LAW REGARDING FORMER CHAPTER 7 TRUSTEE'S LACK OF STANDING TO PROSECUTE THE MOTION FOR DISGORGEMENT OF FEES**

**TO THE HONORABLE COURT:**

**COMES NOW**, Lyssette A. Morales Vidal, through the undersigned attorney and very respectfully STATES and PRAYS:

*Introduction*

On September 1, 2021, the Honorable Court, ordered the parties to submit a memorandum regarding the former Chapter 7 Trustee's standing to prosecute the motion for the disgorgement of the attorney's fees paid by the Debtor to Ms. Morales prior to the bankruptcy filing, particularly addressing the provisions of Section 348(e) of the Bankruptcy Code. The former Chapter 7 Trustee and the US Trustee were granted thirty (30) days to submit their legal memorandum and Ms. Morales fourteen (14) days thereafter to respond to the briefs of the former Chapter 7 Trustee and the United States Trustee ("UST"). (Docket 123)

The UST requested a fourteen (14) day extension of time to file her memorandum of law and the Honorable Court granted the same on October 4, 2020. (Docket 144). On October 4, 2021, upon the extension granted by the Honorable Court to the UST, Ms. Morales requested that the time for her to submit her memorandum of law be extended accordingly and the Honorable Court granted such request on October 5, 2021. (Dockets 145 and 146 respectively)

1

On October 15, 2021, the UST filed its *United States Trustee's Position as to Trustee's Standing* (Docket 158). <u>Therefore, the 14 days term granted to Ms. Morales for the submission of her memorandum of law elapses today</u>. Nevertheless, on October 25, 2021, the Honorable Court entered an Order and Notice granting the UST's position, and determining that the Chapter 7 trustee had standing. (Docket 172) The Order and Notice was entered without allowing Ms. Morales to submit her memorandum of law and without considering the legal arguments in support of her position.

Ms. Morales, herein requests pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure, that the Honorable Court set aside the October 25, 2021 Order and Notice, and that it considers the legal memorandum regarding the lack of standing of the former Chapter 7 Trustee herein submitted. Granting the UST's motion and conferring standing to the Chapter 7 Trustee, without having the benefit of considering the arguments herein presented, deprives Ms. Morales of her due process and is an error of law.

Furthermore, as an alternate remedy the UST stated that she has adopted the position of the Chapter 7 Trustee as her own and asserts standing to litigate this issue. Therefore, the UST must be ordered by the Court to formally submit her legal position on the merits of the case in writing, meet with the undersigned and present her part of the pre-hearing report as it was ordered by the Court prior to holding any evidentiary hearing.

*Memorandum of Law*

Upon the conversion of a Chapter 7 case to Chapter 13 the Chapter 7 Trustee is terminated. This is provided by Section 348 (e) of the Bankruptcy Code which states as follows:

> (e) Conversion of a case under section 706, 1112, 1208, or 1307 of this title [11 USCS § 706, 1112, 1208, or 1307] terminates the service of any trustee or examiner that is serving in the case before such conversion.

2

In this case the Honorable Court granted the Debtor's request to convert her case from Chapter 7 to Chapter 13 on July 23, 2021. (Docket 74) The Honorable Court entered a separate Order terminating the services of the Chapter 7 Trustee and appointing the Chapter 13 Trustee in the case. (Docket 75) Upon the conversion of the case and the termination of the Chapter 7 Trustee's services under section 348(e), the former Chapter 7 Trustee lacks standing to appear before the Court in the case and prosecute the motion for disgorgement of fees. It has been established by the case law that upon the termination of services of the Chapter 7 Trustee, her role in the case is limited to filing a claim for any fees or expenses she may be entitled for her pre-conversion services. See <u>3 Collier on Bankruptcy P 348.06</u> (16th 2021) which provides in part as follows:

> Once the trustee's service has been terminated, <u>the trustee no longer has standing to continue matters that had been commenced before conversion, and cannot pursue them or any other activities in the chapter 13 case</u>. Also, the trustee is not entitled to receive compensation for any services rendered after conversion. (Our Emphasis)

A case which establishes clearly the effect of Section 348 (e) of the Bankruptcy Code is <u>In re Ewing</u>, 2008 Bankr. LEXIS 685, (B.A.P. 10th Cir. Mar. 24, 2008) which explains as follows:

> Relevant to the issue of standing is what authority, if any, Rupp had to act on behalf of the Ewings' estate and for the benefit of the Ewings' creditors after the bankruptcy case was converted to Chapter 13. Section 348(e) of the Bankruptcy Code provides that "[c]onversion of a case under section 706, 1112, 1208, or 1307 of this title terminates the service of any trustee or examiner that is serving in the case before conversion."
>
> …
>
> "[O]nce conversion occurs, the duties of a Chapter 7 trustee cease, and <u>he is deprived of any standing to pursue matters in the Chapter 13 case in his capacity as trustee</u>." Although a displaced Chapter 7 trustee *may* have standing as an administrative claimant in the Chapter 13 case to recover for services rendered in the Chapter 7 case, the trustee is "without standing to act on behalf of the estate, <u>either to challenge the conversion or for any other purpose</u>, including prosecuting or defending tort actions that belonged to the estate." (Our Emphasis)

3

The former Chapter 7 Trustee is unable to overcome this jurisdictional hurdle. She lacks standing to continue prosecuting the motion for disgorgement of fess and her memorandum of law fails to provide supporting case law that allows her to continue prosecuting this matter. The undisputed fact is that she was duly terminated by the Honorable Court since July 23, 2021 and displaced. In fact, the only trustee with authority and standing to appear before the Honorable Court is the Chapter 13 Trustee appointed on July 23, 2021.

The lack of standing of a former Chapter 7 Trustee to continue prosecuting matters before the Court upon conversion of the case to Chapter 13 has been upheld in numerous occasions. See In re Grossot, 205 B.R. 341, (Bankr. M.D. Fla. 1997) (The Trustee's service will be terminated and the Trustee no longer has standing to continue matters that had been commenced before conversion. The Trustee cannot pursue them or any other activities in the Chapter 13 case.), In re Delash, 260 B.R. 4, (Bankr. E.D. Cal. 2000) (**A former trustee, however, is not a trustee and there is no rule suggesting the contrary.** … Once a Chapter 7 case is converted to Chapter 13, "the service of any trustee . . . that is serving in the case before such conversion" is terminated. 11 U.S.C. § 348(c). Consequently, courts generally hold that the former Chapter 7 trustee has no standing to seek reconversion of the case or to otherwise act for the bankruptcy estate. ).

It should be noted that the importance of Section 348 (e) is that once the case is converted, a new trustee is appointed under Chapter 13, and it is he or she who has the standing to appear before the Court to address any matter in the case. This was discussed in the case of In re Wells, 87 B.R. 732, 737 (Bankr. N.D. Ga. 1988) which provides as follows:

> Section 348(e) of the Bankruptcy Code expresses a clear policy choice of Congress that conversion of a case under Sections 706, 1112, 1307 or 1208 terminates the services of any trustee serving in the case before conversion. This is a particularly sensible rule in Chapter 13, since there is a standing Chapter 13 trustee in this district and no useful purpose would be served by having two trustees. Absent

4

<u>exceptional circumstances, however laudable his purpose, a terminated Chapter 7 trustee cannot be permitted to ignore the clear mandate of Section 348(e) and thereby frustrate and circumvent the clear intent of Congress.</u> (Our Emphasis)

Courts have been clear on this matter and have upheld the role and standing of the new Chapter 13 Trustee over the former Chapter 7 Trustee. The case of <u>In re Hahn</u>, 167 B.R. 693, (Bankr. N.D. Ga. 1994) states confirms the lack of standing of the former Chapter 7 Trustee and dismissed the action the Chapter 7 Trustee was prosecuting pre-conversion. It provides as follows:

> Once the case was converted to chapter 13, however, the Trustee's services were terminated. <u>Section 348(e) operated to strip the Trustee of his § 704 duties. Without the authority to perform these duties, he becomes powerless to act in the Debtor's bankruptcy case.</u> Moreover, the conversion to chapter 13 replaced the Trustee with a chapter 13 trustee. As previously noted, it would serve no useful purpose to have two trustees serving in a single case. <u>The presence of the Trustee in this adversary proceeding infringes upon, and possibly conflicts with, the power and authority of the chapter 13 trustee. Therefore, the Court concludes that the chapter 7 Trustee does not have standing to maintain this adversary proceeding after the Debtor's case was converted to chapter 13. As such, this proceeding must be dismissed</u>. (Our Emphasis)

The case of <u>In re: Roberts</u>, 80 B.R. 565 (Bankr. N.D. Ga. 1987) goes even further and explains the following:

> While a Chapter 7 trustee's appointment is generally for the duration of that case, upon conversion his appointment terminates. He has no further standing as a fiduciary.

> If the Chapter 7 trustee possesses information relevant to the Chapter 13 estate, <u>he can furnish it to the Chapter 13 trustee or creditors</u>. If he is a claimant, as here, he can assert it in his individual capacity but not as the Chapter 7 trustee of the estate. While this may seem a harsh result, the Code is quite clear that upon conversion the Chapter 7 Trustee's services and standing terminate. (Our Emphasis)

The former Chapter 7 Trustee alleges in her motion that only she can prosecute the motion for disgorgement of fees because she was the person with knowledge over the facts. Nevertheless, as it is stated above, she can provide those facts to the Chapter 13 Trustee. In this case, the former

5

Chapter 7 Trustee is usurping powers she was divested and has made Ms. Morales and the Court entertain and invest resources over a matter in which she has no standing to prosecute.

The former Chapter 7 Trustee now claims that she is seeking to maintain the integrity of the bankruptcy process and appeals to the inherent powers of the Honorable Court to maintain this matter alive. In a clear recognition by the Trustee that she lacks standing, she is now shifting the matter to the Court under Section 105 of the Bankruptcy Code. This Honorable Court should not entertain this argument and should adhere to the clear language of the statute. The facts of this case do not support the use of the Court's inherent powers or should the Court allow this litigation maneuver the former Chapter 7 Trustee is trying to implement upon her lack of standing.

Recently the Bankruptcy Appellate Power for the First Circuit ("BAP") in the case of In re: Krowel, 2021 Bankr. LEXIS 2496 (1st Cir. BAP 2021) explained standing requires that the party who assert the claim or action before the Court be "aggrieved" not merely a "party in interest". The former Chapter 7 Trustee cannot now claim that she" as an officer of the Court is a party in interest with standing. The law requires that she be aggrieved, which she clearly is not. The BAP reaffirmed the long-standing precedent on the issue of standing and stated regarding this issue as follows:

> Citing In re El San Juan Hotel, 809 F.2d 151, 154 (1st Cir. 1987) (stating "the right of appellate review in bankruptcy proceedings has historically been limited to 'persons aggrieved,' *i.e.*, to those persons whose rights or interests are 'directly and adversely affected pecuniarily' by the order or decree of the bankruptcy court") (citations omitted). SSDC's characterization of itself as a "party in interest," even if accurate, has no bearing on its appellate standing: we "apply a 'person aggrieved standard,' not a 'party in interest' standard, to determine bankruptcy appellate standing." In re Cousins Int'l Food, Corp., 565 B.R. 450, (B.A.P. 1st Cir. 2017) (citation omitted) (internal quotation marks omitted).

Contrary to the former Chapter 7 Trustee's position in her brief, it is clearly established law in this circuit that a pecuniary interest IS NECESSARY for her to prosecute the motion for

disgorgement of fess. The fact that she may feel as a "party in interest" to bring to the attention of the Honorable Court what she perceives as a "wrong which occurred" while the case was in Chapter 7 and that she is doing it without allegedly seeking compensation does not grant her standing to continue with the prosecution of this matter. Once again, she was terminated and divested of any right to appear before the Honorable Court on this matter under the clear language of section 348 (e) of the Bankruptcy Code. As it was determined in the case of In re: Newcare Helath Corp, 244 BR 177 (1st Cir. BAP 2000) a "party claiming to be a 'party in interest' must still satisfy the general requirements of the standing doctrine." Therefore, even if she may be considered a "party in interest", which she is not, the former Chapter 7 Trustee must prove that she has standing to appear as an alleged "party in interest".

It should be noted that the Chapter 7 Trustee filed on October 26, 2021, a proof of claim in the amount of $690.95. Nevertheless, this claim includes expenses related to the litigation of the motion for disgorgement of fees such as the transcript of the meeting of creditors and its translation. The Chapter 7 Trustee has specifically stated in its memorandum of law that she is not prosecuting the disgorgement of attorney's fees in order to bring assets to the estate or in compliance with her fiduciary duties as trustee of the case (which she is no longer). The Trustee went further and stated that the estate was not to be billed for the prosecution of this matter.[1]

Therefore, the Chapter 7 Trustee should not be reimbursed by the estate for these expenses and should only be reimbursed for those which are inherent to her duties, if any. Her claim should be subject to disallowance and hence, her ability to appear on this matter as a "creditor" or "party in interest" is also disputed by her own admissions in her memorandum of law.

---

[1] See Docket 137 at pages 3, 4, 6 and 7.

Once again, the Trustee and the UST are trying, in hindsight, to remediate the procedural and jurisdictional defects of this litigation and are trying to confer standing to the Chapter 7 Trustee when she clearly does not have standing pursuant to the provisions of Section 348 (e) of the Bankruptcy Code.

The former Chapter 7 Trustee also claims that she has opposed the conversion of the case to Chapter 13 and seems to imply that even though she does not have standing now, she may have standing if she prevails in her opposition to the conversion of the case. Nevertheless, this is also an erred position. As stated above in the case of In re Ewing, *supra*, "the trustee is "without standing to act on behalf of the estate, either to challenge the conversion or for any other purpose". So even her standing to question or oppose the conversion of the case to Chapter 13 was lost once the case was converted. Therefore, any allegations regarding her opposition to the conversion of the case to Chapter 13 are without merit.

It should be noted that with respect to the legal issue the Honorable Court requested the parties to brief, the former Chapter 7 Trustee's motion is limited to trying to distinguish the cases that were cited by the Court during the September 1, 2021. The former Chapter 7 Trustee has failed to properly sustain her standing to continue prosecuting the motion for disgorgement of fees or even the applicability of Section 348 (e) of the Bankruptcy Code to the matter. She has failed to comply with the Order of the Court and has instead shifted her argument to claim at this juncture, after months have elapsed, multiple pleadings have been filed, the Court and Ms. Morales have invested considerable time, resources and efforts in preparing for an evidentiary hearing, that even though she acknowledges that she has no standing to litigate the matter, the issue must go forward because it is a matter of the integrity of the bankruptcy process.

It must be underscored that the lack of standing divests the Court of JURISDICTION to entertain the matter. This is a threshold matter that needs to be resolved before even considering he merits of the claim. Standing goes to the core of the constitutional limitations established on the jurisdiction of federal courts. There is no justiciability or even a "case or controversy" to be adjudicated if there is no standing. This was discussed in the case of <u>In re: Newcare Helath Corp.</u>, 244 BR 177 (BAP 1st Cir. 2000) which was referenced by the Court during the September 1, 2021 hearing. The former Chapter 7 Trustee admits this in her pleading when discussing the case of In re Newcare Health Corp. and even includes the relevant citation of the case.

The Newcare Health Court stated in a clear and unequivocal fashion that "the burden of alleging facts necessary to establish standing falls upon the party seeking to invoke the jurisdiction of the court." The former Chapter 7 Trustee has failed to comply with this burden. This Honorable Court thus lacks jurisdiction to entertain the matter. Ms. Morales reaffirms her position that not only is the former Chapter 7 Trustee's motion for disgorgement meritless, but that she lacks standing to continue prosecuting the same under the clear language of Section 348 (e) of the Bankruptcy Code. This Honorable Court should dismiss the matter with prejudice.

In the alternative, should the UST wish to prosecute itself the motion for disgorgement of fees, then this party must first formally submit its legal position in writing and thereafter comply with the Order entered by the Honorable Court on June 8, 2021 (Docket 59). The UST shall then meet with the undersigned and submit its proposed findings of fact, conclusions of law and exhibits. This must be done prior to the holding of any evidentiary hearing.

**WHEREFORE**, the Ms. Morales herein respectfully requests this Honorable Court (i) that it set aside the Order entered on October 25, 2021, (ii) that it determine that the former Chapter 7 Trustee lacks standing to prosecute the motion for disgorgement of fees and therefore dismiss the

matter with prejudice or in the alternative that the Court determines that the UST has standing to prosecute the matter independently of the lack of standing of the Chapter 7 Trustee, (iii) that it Order the UST to formally submit its legal position in writing and thereafter comply with the Order entered by the Honorable Court on June 8, 2021 (Docket 59).

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 29th day of October, 2021.

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing through the CM/ECF System, which will send notification of such filing to the parties therein registered to received notice, including the Chapter 7 Trustee and the US Trustee.

C. CONDE & ASSOC.
Attorney for Debtor.
254 San José Street, 5th Floor
Old San Juan, Puerto Rico 00901
Telephone: 787-729-2900
Facsimile: 787-729-2203
E-mail:condecarmen@condelaw.com

*/s/Carmen D. Conde Torres*
Carmen D. Conde Torres, Esq.
USDC 207312

*/s/Luisa S. Valle Castro*
Luisa S. Valle Castro, Esq.
USDC No. 215611